(937 P.2d 964)

No. 77,681

WESTERN RESOURCES, INC., *Petitioner/Appellant*, v. THE STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, *Respondent/Appellee.*

Opinion filed January 24, 1997.

*Martin J. Bregman*, general attorney, and *J. Michael Peters*, associate general counsel, of Topeka, for appellant.

*Larry W. Cowger*, assistant general counsel, of Kansas Corporation Commission, of Topeka, for appellee.

*A. Brady Cantrell*, of Topeka, for intervenor Citizens' Utility Ratepayer Board.

*James P. Zakoura* and *Richard W. Hird*, of Smithyman & Zakoura, Chartered, of Overland Park, and *Fred Logan*, of Logan & Logan, of Prairie Village, for intervenor Kansas Pipeline Partnership.

Before ELLIOTT, P.J., ROYSE and KNUDSON, JJ.

ELLIOTT, J.: Western Resources, Inc., (WRI) and Kansas Pipeline Partnership (KPP) entered into natural gas sales and transportation contracts; both sought approval of the contracts by the Kansas Corporation Commission (KCC). KCC consolidated the dockets and on a prior appeal, we held the "contracts and related requests contained in KPP's consolidated KCC dockets must be deemed approved by operation of law." *Kansas Pipeline Partner-*

*ship v. Kansas Corporation Comm'n*, 22 Kan. App. 2d 410, 423, 916 P.2d 76 (1996). On remand, the KCC dismissed the applicable applications, claiming the dockets were consolidated only for a purpose of a common record. WRI appeals, claiming the KCC refused to follow our earlier mandate.

We reverse and remand. The factual background of this case is adequately detailed in our previous published opinion; we will mention facts only as necessary in deciding this second appeal.

At some point, WRI moved to consolidate its docket 192,391-U with KPP's applications in 192,506-U and 192,507-U, claiming all of the proceedings relate to the same contracts between WRI and KPP. The motion makes no mention of joinder/consolidation for hearing only.

On April 27, 1995, KCC described the three dockets, entered an order stating all relate to the same contracts, and granted the motion to consolidate. On May 31, 1995, KCC directed the parties to address in prefiled testimony the appropriateness of the recovery of Linchpin costs as identified in docket 190,362-U. On June 16, 1995, KCC (in docket 190,362-U) stated that project development costs would be subject to review in the three consolidated cases which were "set for a full evidentiary hearing." The order further ordered that Linchpin costs be placed into the rate base subject to review in the consolidated dockets. KCC further stated:

"Applicants state that additional Linchpin Project Development Costs incurred by Western Resources totaling approximately $6 million should be transferred to the Applicants' books and included in the Applicants' rate base. The Commission takes no action on this issue and defers this issue for consideration at the above-referenced hearing scheduled for July 10, 1995 where all issues pertaining to certain contracts between Western Resources and the Applicants will be explored."

None of the KCC orders mention consolidation for purposes of a common record only.

We filed our opinion in the prior appeal on May 17, 1996. Motions for rehearing and petitions for review were filed by several parties. While those were pending, KCC, *sua sponte*, dismissed the original applications of WRI and KPP. On August 2, 1996, KCC set aside its order dismissing the KPP dockets, but reaffirmed its

dismissal of the WRI docket, asserting for the first time that the three dockets had been consolidated "only for hearing on a common record."

KCC granted WRI's request to consolidate the three dockets, and that order did not indicate the consolidation was for limited purposes. In *Harborlite Corp. v. I.C.C.*, 613 F.2d 1088, 1092 (D.C. Cir. 1979), the court held that administrative agencies must ensure litigants their day in court. This includes proper notice as a prerequisite to valid agency action. *Dirt, Inc. v. Mobile County Com'n*, 739 F.2d 1562, 1566 (11th Cir. 1984). If KCC intended to limit consolidation of the dockets, it should have made the parties aware of that fact.

In the present case, KCC never indicated it was consolidating the three dockets for hearing only until *after* the KCC proceedings were completed, until *after* KPP's petition for judicial review was filed, and until *after* we issued our opinion in the prior appeal. No one cites to any place in the record—and we have found none independently—where KCC articulated its current position prior to its motion for rehearing and modification *en banc* filed after our prior opinion.

If KCC has the power to join dockets only for hearing on a common record, the logical time for doing so is when the consolidation order is entered. Bluntly put, changing the nature of consolidation after an appellate decision is too late.

In its motion for rehearing and modification of the prior appeal, KCC asked us to clarify that our decision did not cover WRI's request to pass through costs. We denied KCC's motion, rejecting the opportunity to modify application of our decision to the WRI docket.

KCC's *application* of K.A.R. 82-1-224 in the present case is erroneous and unreasonable. Accordingly, KCC's orders of June 28, August 2, and September 9, 1996, are invalid as erroneous and unreasonable applications of the law. See K.S.A. 77-621(c)(4). Our decision in the prior appeal applied to the "contracts and related requests contained in KPP's *consolidated* KCC dockets." 22 Kan. App. 2d at 423. The KCC orders presently under review are invalid. See K.S.A. 77-621(c)(8).

In the present appeal, Citizens' Utilities Ratepayer Board (CURB) joins KCC in arguing that K.S.A. 1995 Supp. 66-117 does not apply to WRI's application. CURB made a similar argument in the prior appeal, and we rejected it. 22 Kan. App. 2d at 416.

In the prior appeal, KCC never contended that 66-117(b) did not apply to KPP's contracts, although other parties did. We find it difficult to imagine how the statute could apply to one party's contracts but not apply to the other party to the same contracts.

KCC and CURB also argue that because 66-117(b) does not apply to WRI's applications, we never had jurisdiction over WRI in the prior appeal. Suffice it to say that in the prior appeal, we noted that while KPP did not initially seek a rate increase, WRI did. The WRI and KPP proceedings before the KCC were consolidated because they involved the same contracts. Further, the joinder of the Linchpin costs rendered the proceeding an action closely related to a rate case. In deciding the prior case was closely enough connected to an underlying rate case to require appeal directly to us, we considered the presence of the Linchpin project and WRI's request to pass through the associated costs to WRI customers. Further, the parties agreed the case was closely enough connected to an underlying rate case to give us jurisdiction in the prior appeal.

Application of the 240-day time limit to the WRI/KPP contracts was the precise issue decided in the prior appeal. The present case is not an attempt to relitigate that issue; rather, WRI is simply attempting to enforce that decision. KCC's dismissal of WRI's application after our opinion in the prior appeal was little more than an attempt to avoid our ruling in that case. In the prior appeal, we relied on WRI's rate request in assuming jurisdiction and ultimately held that the "contracts and related requests contained in KPP's consolidated KCC dockets must be deemed approved by operation of law." 22 Kan. App. 2d at 423. We see no reason to reconsider our decision that we had jurisdiction of the consolidated dockets—including WRI's application.

KCC's dismissal of WRI's application was unreasonable in light of our decision in the prior appeal; KCC violated the provisions of K.S.A. 77-621(c)(4) and (8).

We reverse the KCC order dismissing WRI's application and remand with directions to comply with this opinion and with our holdings in the prior appeal.