(970 P.2d 69)

No. 77,652

CAROL E. COPELAND, *Appellant/Cross-Appellee*, v. BRETT H. ROBINSON, Director of Collections, Department of Revenue, State of Kansas, *Appellee/Cross-Appellant* and MARSHA M. SPANGLER, Clerk of the District Court, Eighteenth Judicial District, Sedgwick County, Kansas, *Defendant*.

Opinion filed December 11, 1998.

*John C. King* and *John L. Brennan*, of King Law Offices, Ltd., of Wichita, for appellant/cross-appellee.

*J. D. Befort* and *Steven A. Stockard*, of Kansas Department of Revenue, for appellee/cross-appellant.

Before KNUDSON, P.J., GREEN, J., and DANIEL A. DUNCAN, District Judge, assigned.

KNUDSON, J.: Carol E. Copeland appeals the district court's denial of her petition for a writ of mandamus brought against the Director of the Kansas Department of Revenue (KDR) and the

Clerk of the Sedgwick County District Court, challenging the process by which her property was seized to pay the sales tax liability of a corporation. KDR cross-appeals the district court's decision that proper venue for the case is in Sedgwick County, Kansas.

We reverse the district court and remand with directions that the tax warrants against Copeland are to be withdrawn and a writ in mandamus is to be issued requiring that KDR provide Copeland with notice and an opportunity for an administrative hearing to determine derivative liability under K.S.A. 79-3643 before further collection attempts are undertaken against her individually.

The underlying circumstances are not in dispute. KDR determined that Copeland was personally liable for the sales tax liability of Central Truck Sales, Inc., (Central Truck) under K.S.A. 79-3643. On March 14, 1989, and December 10, 1991, without notice to Copeland, KDR issued tax warrants to the sheriff of Sedgwick County, naming not only Central Truck but also Copeland as taxpayers whose property should be levied upon to pay the delinquent corporate taxes.

Copeland filed her petition for a writ of mandamus pursuant to K.S.A. 60-801 *et seq.*, objecting to KDR's procedures that did not provide her with any pre- or post-filing administrative hearing to contest liability or put her on notice that tax warrants were being filed. Copeland requested that KDR and the clerk of the district court be prohibited from filing or maintaining the tax warrants in the appearance dockets. This action was filed in Sedgwick County.

KDR in its answer alleged improper venue and lack of subject matter jurisdiction due to Copeland's failure to exhaust the administrative remedies afforded to her, specifically, a post-deprivation remedy.

The district court denied Copeland's petition for writ of mandamus and ordered that Copeland shall remain personally liable for the retailers' sales tax of Central Truck. Copeland moved to alter or amend the judgment, arguing that the court failed to address the sole issue in the case regarding the constitutionality of the government's actions in moving against her property without providing her with notice and the opportunity to defend against

the action. The district court overruled Copeland's motion. Copeland timely appeals, and KDR timely cross-appeals.

Trial to the district court was upon the following stipulated facts:

"1. The [KDR] prepared and filed with the Clerk of the District Court of Sedgwick County, Kansas the tax warrant attached to [Copeland's] petition . . . .

"2. [Copeland] was an owner and corporate officer of [Central Truck], and was a taxpayer 'obligated to account to the director for taxes collected under the terms of [the Kansas Retailers' Sales Tax Act].' K.S.A. 1994 Supp. 79-3602(i).

"3. [Copeland] is an individual and owned a corporation which was engaged in a business of providing a service specifically taxable under the provisions of the Kansas Retailers' Sales Tax Act. K.S.A. 1994 Supp. 79-3602(a).

"4. [Copeland's] corporation, [Central Truck], was and is a 'person regularly engaged in the business of selling tangible personal property or . . . services . . . and selling only to the user or consumer and not for resale.' K.S.A. 1994 Supp. 79-3602(d).

"5. [Copeland] was not and is not a 'person regularly engaged in the business of selling tangible personal property at retail . . . and selling only to the user [or] consumer and not for resale.' K.S.A. 1994 Supp. 79-3602(d).

"6. [Copeland's] liability, if any, for the amounts shown on the subject tax warrant is based solely upon the provisions of K.S.A. 79-3643.

"7. The [KDR] has assessed an amount of Kansas retailers' sales tax against [Central Truck], a corporation.

"8. The [KDR] sent no separate notice to [Copeland] of its finding or determination that she was personally liable for the unpaid Kansas retailers' sales tax of [Central Truck].

"9. Neither the [KDR] nor the Kansas tax statutes, in particular, Chapter 79, offer or offered any administrative remedy to [Copeland] prior to or any time after it was determined that she was personally liable for any amount of unpaid tax due from [Central Truck].

"10. The [KDR] pursuant to the Kansas tax statutes, in particular, Chapter 79, does offer and offered an administrative remedy to [Copeland's] corporation prior to the determination that [Copeland's] corporation was liable for unpaid taxes and prior to the determination that [Copeland], herself, was personally liable for any amount of unpaid tax due from [Central Truck].

"11. [Copeland] is an individual who was responsible for collection or payment of sales or compensating tax or control, receipt, custody or disposal of funds due and owing under the Kansas retailers' sales and compensating tax acts from [Central Truck].

"12. [Copeland] failed to collect such tax or account for and pay over the tax due and owing from [Central Truck], which amounts are shown on the subject tax warrant.

"13. . . . . [T]he liability in this case was based on tax reported on the returns filed with the [KDR] but unpaid by [Copeland's] corporation."

## SUBJECT MATTER JURISDICTION

KDR contends the district court lacked subject matter jurisdiction because Copeland has not exhausted her administrative remedies. KDR argues Copeland must first pay the tax and then sue for a refund of any disputed amounts before she brings an action in court.

The parties stipulated before the district court that no pre- or post-payment administrative remedy was offered to Copeland by KDR and no administrative remedy is available for Copeland through KDR or the Kansas tax statutes. "[P]arties are bound by stipulations made by them or their attorneys unless those stipulations are withdrawn by the court." *C.M. Showroom, Inc. v. Boes*, 23 Kan. App. 2d 647, 649, 933 P.2d 793 (1997). However, if a taxpayer fails to exhaust the administrative remedies available, the district court has no jurisdiction to determine the case, and this court does not acquire jurisdiction over the subject matter on appeal. See *Tri-County Public Airport Authority v. Board of Morris County Comm'rs*, 233 Kan. 960, 967, 666 P.2d 698 (1983).

Parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel. Nor can the parties convey jurisdiction on a court by failing to object to its lack of jurisdiction. *Achey v. Linn County Bank*, 261 Kan. 669, 672, 931 P.2d 16 (1997). Furthermore, an objection based on lack of subject matter jurisdiction may be raised at any time, whether it be for the first time on appeal or even upon the appellate court's own motion. *State v. Nelson*, 263 Kan. 115, 116, 946 P.2d 1355 (1997). We conclude KDR's stipulation that no administrative remedy is available to Copeland does not foreclose the issue of subject matter jurisdiction from consideration by this court.

The well-recognized rule in Kansas is that where a full and adequate administrative remedy is provided in tax matters by statute, such remedy must ordinarily be exhausted before a litigant may resort to the courts. *State ex rel. Smith v. Miller*, 239 Kan. 187, 190, 718 P.2d 1298 (1986). " 'In the realm of taxes, matters of assessment, exemption, equalization, and valuation are administrative in character. [Citation omitted.] Under Kansas law, it would

be unwarranted for a court to entertain a tax suit on any of these matters of administrative expertise where administrative remedies had not been pursued.' " *Sage v. Williams*, 23 Kan. App. 2d 624, 626, 933 P.2d 775, *rev. denied* 262 Kan. 962 (1997) (quoting *Dean v. State*, 250 Kan. 417, 421, 826 P.2d 1372, *cert. denied* 504 U.S. 973 [1992]).

The taxing authority has the authority to require the taxpayer to secure the assessment by payment or bond before litigating that liability. See *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 67 L. Ed. 2d 464, 101 S. Ct. 1221, *reh. denied* 451 U.S. 1011 (1981). Even the possibility of irreparable injury pending resort to judicial review will not raise constitutional due process questions concerning this established procedure. See *Bob Jones University v. Simon*, 416 U.S. 725, 40 L. Ed. 2d 496, 94 S. Ct. 2038 (1974).

Copeland is not, however, in this case, contesting assessment, exemption, equalization, valuation, or liability. She is challenging the constitutionality of a statute which does not mandate the government to provide notice to an individual with derivative tax liability before moving against that individual's property. Administrative boards and agencies may not rule on constitutional questions. See *Zarda v. State*, 250 Kan. 364, 370, 826 P.2d 1365, *cert. denied* 504 U.S. 973 (1992). Therefore, Copeland's application for injunctive relief based on the constitutionality of K.S.A. 79-3643 and related regulations was properly brought in district court.

## PERSONAL JURISDICTION

KDR contends the district court lacked personal jurisdiction over it due to insufficient process or service of process. KDR argues that K.S.A. 60-304 requires service to be made on the person of the defendant; therefore, Copeland's service of process on the Kansas attorney general was ineffective to confer jurisdiction over Brett H. Robinson, the Director of KDR.

Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). A party may obtain service upon any governmental agency of the state by serv-

ing the attorney general. K.S.A. 60-304(d)(5). Service delivered to the attorney general pursuant to K.S.A. 60-304(d) is effective service on the Director of the Kansas Department of Revenue. See *Bird v. Kansas Dept. of Transportation*, 23 Kan. App. 2d 164, 167, 928 P.2d 915 (1996) (finding service on the attorney general is effective service on the Secretary of Transportation). We conclude service of process on the Kansas attorney general was sufficient, appropriate, and effective to confer jurisdiction over Robinson in his official capacity as Director of KDR.

## PROCEDURAL DUE PROCESS

Copeland contends that KDR's procedures afford her no personal notice of liability or of a taking of property and is, therefore, violative of procedural due process.

To decide this issue, we must construe taxing statutes, particularly K.S.A. 79-3643. The interpretation of a statute is a question of law, and this court's review is unlimited. *High Plains Oil, Ltd. v. High Plains Drilling Program-1981, Ltd.*, 263 Kan. 1, 7, 946 P.2d 1382 (1997).

Tax levied pursuant to the Kansas Retailers' Sales Tax Act is paid by the consumer to the retailer, and it is the duty of the retailer to collect the tax from the consumer. K.S.A. 79-3604. However, for purposes of the Kansas Retailers' Sales Tax Act, the "taxpayer" is not the consumer, but the person obligated to account to KDR for the sales tax collected. K.S.A. 79-3602(i). Copeland stipulated that she was responsible for the collection and payment of the sales tax of Central Truck. As such, she was obligated to account to KDR for the sales tax collected.

Generally, tax liability is self-reported, that is, the retailer tallies the gross sales of all taxable property and services, calculates the tax liability from those sales, and enters the information on a tax form provided by KDR for that purpose. K.S.A. 79-3607. The calculations are subject to review and revision by KDR. K.S.A. 79-3607. KDR audits the primary taxpayer's tax return, and, if KDR determines a tax liability, the taxpayer may request an informal conference relating to the liability issue. K.S.A. 79-3610. After the

informal conference, KDR makes a final determination of tax liability and notifies the taxpayer of its finding. K.S.A. 79-3610.

If KDR determines a tax liability, a notice of KDR's final determination is sent to the taxpayer along with a demand for payment within 20 days. K.S.A. 79-3226(b); K.S.A. 79-3610. If the taxpayer refuses or neglects to pay the tax liability, KDR shall issue a warrant to the county sheriff directing the sheriff to levy upon and sell the real and personal property of the taxpayer to satisfy the liability. K.S.A. 79-3617. The sheriff shall file the warrant with the district court clerk within 5 days of receipt of the warrant. The warrant becomes a lien upon the property of the taxpayer. K.S.A. 79-3617.

It is important to note the very narrow scope of Copeland's issue. She does not argue that she was constitutionally entitled to separate notice of Central Truck's tax liability. She argues, rather, that due process requires that KDR provide notice to her that it holds her personally liable for the unpaid sales tax of Central Truck and that it intends to or has moved against her property to satisfy the debt.

The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. *Wertz v. Southern Cloud Unified School District*, 218 Kan. 25, 30, 542 P.2d 339 (1975). For due process protection under the 14th Amendment to the United States Constitution to apply, there must be state action and deprivation of an interest sufficient to warrant constitutional protection. Property is an interest protected by due process. 218 Kan. at 29. We conclude that the tax warrant issued by KDR against the property of Copeland implicates due process protections.

Exactly what due process requires in the assessment and collection of general taxes has never been decided by the United States Supreme Court. While the Supreme Court has held that "notice to the owner at some stage of the proceedings, as well as an opportunity to defend, is essential" for the imposition of special taxes, *Turpin v. Lemon*, 187 U.S. 51, 58, 47 L. Ed. 70, 23 S. Ct.20 (1902), it has also ruled that laws for assessment and collection of general taxes stand upon a different footing and are to be construed with

the utmost liberality. *Glidden v. Harrington,* 189 U.S. 225, 258, 47 L. Ed. 798, 23 S. Ct. 574 (1903).

" '[A]dministrative agencies must ensure litigants their day in court. This includes proper notice as a prerequisite to valid agency action.' " *Farmland Industries, Inc. v. Kansas Corporation Comm'n,* 24 Kan. App. 2d 172, 182, 943 P.2d 470, *rev. denied* 263 Kan. 885 (1997) (quoting *Western Resources, Inc., v. Kansas Corporation Comm'n,* 23 Kan. App. 2d 664, 666, 937 P.2d 964 [1997]). Adequate notice goes to the very jurisdictional validity of the proceeding. 24 Kan. App. 2d at 182. Sufficiency of notice is a question of law. Therefore, this court may substitute its judgment for that of the agency. 24 Kan. App. 2d at 176.

KDR contends the fact that an individual is personally liable for the sales tax owed by another is an indefensible finding, and, therefore, it is a finding that requires no notice to the individual other than that provided by K.S.A. 79-3643 or that provided to the primary taxpayer.

KDR argues that personal liability is established by statute, and, as a corporate officer, Copeland is presumed to know the law regarding her liability. K.S.A. 79-3643 is the statutory authority for KDR finding an individual liable for the payment of the sales tax due from a corporation. K.S.A. 79-3643 provides:

"Any individual who is responsible for collection or payment of sales or compensating tax or control, receipt, custody or disposal of funds due and owing under the Kansas retailers' sales and compensating tax acts who fails to collect such tax, or account for and pay over such tax, or attempts in any manner to evade or defeat such tax or the payment thereof shall be personally liable for the total amount of the tax evaded, or not collected, or not accounted for and paid over, together with any interest and penalty imposed thereon. The provisions of this section shall apply regardless of the relationship with the retailer held by such individual and regardless of the form under which the retailer conducts business, whether a sole proprietorship, partnership or corporation. The provisions of this section shall be deemed to be supplemental to the Kansas retailers' sales and compensating tax acts."

Applying K.S.A. 79-3643, Copeland's stipulation that she was an individual responsible for the collection and payment of sales tax for Central Truck establishes that she is personally liable for the

payment of the sales tax she collected for Central Truck but failed to pay to KDR.

There are no Kansas cases interpreting or applying K.S.A. 79-3643 in terms of due process requirements. Therefore, it is appropriate to look to other states that have addressed the due process implications regarding derivative liability. *Cf. State v. Northrup*, 16 Kan. App. 2d 443, 448, 825 P.2d 174, *rev. denied* 250 Kan. 807 (1992) (case of first impression in Kansas on issue involving circumstantial evidence; court relied on decisions in four bordering states and other state and federal jurisdictions).

Most jurisdictions impose personal liability on officers or other employees who have responsibility for collecting and paying sales tax for a corporation. The jurisdictions differ regarding whether due process requires notice to an individual with derivative liability for unpaid taxes and an opportunity to contest the original or the derivative assessment. The first step in the analysis is to identify the theory by which a state may hold individuals liable for the unpaid taxes of a corporation.

The Supreme Court of Ohio held in *Kihm v. Lindley*, 70 Ohio St. 2d 76, 78, 434 N.E.2d 1354 (1982), that merely holding a corporate office is not sufficient, in and of itself, to impose personal liability for unpaid sales tax. The Ohio statute imposing personal liability is similar to K.S.A. 79-3643 in that for personal liability to attach, the officer or employee must have had control, supervision, or responsibility for filing returns and making payments to the revenue department. See Ohio Rev. Code Ann. § 5739.33 (Anderson 1996). The tax commissioner argued in *Kihm* that the corporate officers were personally liable because they possessed the requisite degree of authority or control by virtue of their positions as officers. The Ohio Supreme Court reviewed the record and found: "The record herein is devoid of any evidence that appellees were directly responsible for the preparation or filing of returns or the making of payments. Similarly, there is no evidence that appellees, at any time, actually filed such returns or made such payments." 70 Ohio St. 2d at 77. While the court relieved the officers in the case of the liability imposed by the tax commissioner, the court went on to state that personal liability on officers or employees may be based

on the fact that the individuals had control, supervision, or responsibility for filing returns and making payments. 70 Ohio St. 2d at 78.

Michigan limits the class of individuals who may be held personally liable for the taxes of a corporation to corporate officers. However, status as an officer is not, in itself, sufficient to confer liability. Only those officers who have control over the preparing of the corporation's tax returns and the payment of taxes or supervise the preparing of the returns or the payment of taxes, or who are charged with the responsibility of preparing the returns or paying the taxes may be held personally liable for the corporation's unpaid tax liability. See *Keith v. Treasury Dep't*, 165 Mich. App. 105, 108, 418 N.W.2d 691 (1987).

K.S.A. 79-3643 pertains to any individual who is responsible for the collection or payment of sales tax. The regulation associated with K.S.A. 79-3643 is K.A.R. 92-19-64. Although the regulation is titled "Corporate officer liability," the text of the regulation does not limit its application to corporate officers, and the text does not suggest that corporate officers, merely by virtue of their status as such, are personally liable for the taxes of the corporation. On the contrary, K.A.R. 92-19-64 contains a list of evidence to be considered in making a determination regarding personal liability. The regulation is set out below:

"(a) Any person having control or supervision of or supervising employees having control or supervision of the collection, filing of returns, accounting, or payment of sales tax of a corporation shall be personally liable for the tax, penalty and interest thereon, if the corporation fails to collect the tax, file returns, pay the tax or attempts in any manner to evade or defeat the tax.

. . . .

"(c) Evidence of personal or individual responsibility for the collection or payment of taxes, filing returns, control, receipt, custody or disposal of funds may include any one or more of the following:

(1) Signatory on any tax registration form;

(2) signatory on any tax return;

(3) authorization to sign tax registration forms or tax returns;

(4) authorization to draw on corporate funds;

(5) authorization to pledge corporate assets as collateral to receive loans, advances or lines of credit for thrift institutions on behalf of the corporation;

(6) authorization to bind the corporation to contracts for sales or purchases in day to day business operations; or,

(7) authorization to directly supervise employees who are authorized to perform any one or all of the above." K.A.R. 92-19-64.

It is, therefore, apparent the finding of personal liability includes an evaluation of evidence that the individual has direct control over the collection and payment process. In other words, to find personal liability, KDR must go beyond the statute into a factfinding process to identify the specific individuals who may be held personally liable.

Particularly in a closely held corporation, there may be many individuals who are more or less responsible for the collection and payment of sales tax than other individuals. KDR may find indicia of liability as to some of those individuals but may not find the requisite level of responsibility in others. Unless the individuals are privy to the factfinding by KDR, they have no way of knowing if KDR has found them sufficiently responsible to be personally liable when the sales tax goes unpaid. Therefore, it cannot be said that K.S.A. 79-3643, by itself, is notice sufficient to satisfy due process, and KDR's contention that it does satisfy the due process notice requirement fails.

The question remains whether notice to the corporation that KDR has made a determination of a tax liability is sufficient to impute notice to the person responsible for the sales tax collection and payment for the corporation.

To satisfy due process, notice must inform interested parties of proceedings which may directly or adversely affect legally protected interests. *Farmland Industries, Inc.*, 24 Kan. App. 2d at 177. The due process test concerning notice is whether the notice is reasonably calculated, depending on the practicalities and peculiarities of the case, to apprise interested parties of the pending action and afford them an opportunity to present their case. 24 Kan. App. 2d at 177. The criterion is not the possibility of conceivable injury but the just and reasonable character of the requirements, considering the subject of the statute. *State v. Lewis*, 263 Kan. 843, 859, 953 P.2d 1016 (1998).

KDR argues that because Copeland's tax liability is purely derivative, she should have been privy to the information contained in the notice of final determination issued by KDR to Central Truck. In other words, proper notice to the corporation of tax liability can be reasonably expected to reach corporate officers that would have derivative liability under K.S.A. 79-3643. We are not persuaded. Notice of a tax assessment to a corporation does not adequately inform an individual who *may be* a derivative taxpayer of a finding of personal liability. We conclude procedural due process requires a separate notice to individuals against whom KDR intends to make a claim of individual liability under K.S.A. 79-3643.

KDR also argues that if this court imposes a requirement of separate notice and hearing for those derivatively liable for a corporation's taxes, it will be imposing a requirement not found in the tax statutes.

We have two responses to KDR's argument. First, the right to notice and a hearing, though not directed, can be inferred from a statute despite the absence of an express provision in the statute. Where the exercise of a statutory power adversely affects property or liberty rights— as it does in the present case—the courts have *implied* the requirement of notice and hearing where the statute is silent:

"A right to notice and hearing may be deemed to be implied in the statute or such a requirement can be grafted onto the statute by authoritative judicial interpretation. This has been done in other contexts:

'The concept of providing a hearing to conform a statute to the constitutional requirements of due process is not novel. Our habitual criminal act (K.S.A. 21-107a) has never expressly provided for a hearing on the question of prior felony convictions. Nevertheless this court has held that the requirements of due process include the right to such a hearing and that it therefore must be made available under that statute [citation omitted]. In *Cities Service Gas Co. v. State Corporation Commission*, 192 Kan. 707, 391 P.2d 74, we find this:

' ". . . this court has recognized the rule that where no express provision for notice is made in the statute, if there be nothing in the statute which prevents notice from being given, the requirement of reasonable notice will be implied. [Citations omitted.]" ' " *State v. One 1978 Chevrolet Corvette*, 8 Kan. App. 2d 747, 752, 667 P.2d 893 (1983).

Therefore, this court may imply the requirement of notice and an opportunity to contest the government's finding of liability if

this court finds the tax statutes do not expressly provide for such. However, the second response to KDR's argument, regarding the imposition of requirements not expressly provided in the statute, is that the Kansas tax statutes do require notice and other due process protections to derivative taxpayers: K.S.A. 79-3643 provides for the imposition of personal liability on those responsible for the payment and collection of sales tax (derivative taxpayers); K.S.A. 79-3602(i) defines taxpayers in such a way as to include derivative taxpayers; K.S.A. 79-3610 directs KDR to K.S.A. 79-3226 for the manner in which to issue a final determination of tax liability to taxpayers; and K.S.A. 79-3617 provides the method for collecting delinquent taxes from "any taxpayer" liable to KDR. These statutes collectively provide authorization to impose personal liability on individuals responsible for the collection and payment of sales tax, a means and method for providing notice to those individuals of KDR's finding of a tax liability, and a method for collecting the delinquent taxes from the responsible individuals. These statutes consist of methods, procedures, and remedies that afford due process to "any taxpayer," including the derivative taxpayer.

## VENUE

KDR contends that Shawnee County is the proper venue for this case. KDR's argument is premised on the assumption that the authority for filing the case in Sedgwick County is K.S.A. 60-608 pertaining to venue in a case involving multiple defendants. KDR argues that the only defendant residing in Sedgwick County is the Clerk of the Sedgwick County District Court, and she is not a necessary party to this action.

Venue is proper in Sedgwick County because K.S.A. 79-3617 places jurisdiction over all proceedings subsequent to the filing of the tax warrant in the court in which the warrant is docketed: "The court in which the warrant is docketed shall have jurisdiction over all subsequent proceedings as fully as though a judgment had been rendered in the court." K.S.A. 79-3617. The application for writ of mandamus or prohibition is clearly a subsequent proceeding based on tax warrants issued by KDR and filed in Sedgwick County.

Therefore, the Sedgwick County District Court is the proper forum for the case.

Reversed and remanded.