(18 P.3d 243)
No. 83,734

LEON M. RIEKE, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*.

Opinion filed January 12, 2001.

*Brian Cox*, of Kansas Department of Revenue, for appellant.

*Shawn E. DeGraff*, of Law Offices of Shawn E. DeGraff, of Shawnee, for appellee.

Before BRAZIL, C.J., KNUDSON, J., and PADDOCK, S.J.

KNUDSON, J.: The Kansas Department of Revenue (KDR) appeals the district court's grant of partial summary judgment to Leon Rieke. The issues raised on appeal concern subject matter juris-

diction, service of process, and whether Rieke should have been awarded attorney fees and costs. We affirm the judgment of the district court.

Pursuant to K.S.A. 79-3617 and K.S.A. 79-3643, KDR issued a warrant for delinquent taxes directing the sheriff of Johnson County *inter alia* to levy upon and sell the property of Leon Rieke to satisfy taxes of $46,231.37 owed by Mid America Sports Complex, Inc. After this tax warrant was filed with the clerk of the district court in Johnson County, Rieke filed a K.S.A. Chapter 60 proceeding seeking injunctive relief. On cross-motions for summary judgment, the district court restrained enforcement of the warrant, declared the warrant illegally issued as to Rieke, decided KDR had the legal capacity to be sued, determined it did have jurisdiction, decided KDR had been properly served with summons, and awarded attorney fees against KDR. KDR's motion for reconsideration was denied.

In its answer to Rieke's petition, KDR admitted service of process was accomplished under K.S.A. 60-304(d). Subsequently, KDR filed an unsuccessful motion to dismiss contending *inter alia* it lacked the legal capacity to be sued and venue was not proper in Johnson County. In its very detailed motion raising numerous issues, KDR did not raise an issue regarding service of process. Approximately 2 years after this lawsuit was filed, Rieke filed an amended petition that once again alleged service of process under K.S.A. 60-304(d). In its answer to this amended petition, KDR made a 180-degree turn and for the first time denied service of process was properly effected.

After filing its answer to Rieke's petition, KDR unsuccessfully pursued judgment on the pleadings under K.S.A. 60-212(c). Inexplicably, in its very comprehensive motion, KDR did not allege that *the tax warrant had been dismissed without prejudice* shortly after Rieke filed suit. Later, at a hearing upon the motion, KDR still did not inform the district court of the dismissal of the warrant or argue that the court had been divested of jurisdiction as a result.

In this appeal, KDR does not attack the district court's ruling that the tax warrant was unlawfully issued. KDR's decision to leave this stone unturned was preordained by our holding in *Copeland*

*v. Kansas Dept. of Revenue,* 25 Kan. App. 2d 717, 970 P.2d 69 (1998), *rev. denied* 266 P.2d 1107 (1999), and the 1999 legislature's amendment of K.S.A. 79-3643 (L. 1999, ch. 94, § 10).

After discovery was completed and over 2 years after the litigation had been filed, KDR filed its motion for summary judgment premised on the dismissal of the tax warrant. Rieke filed a motion for summary judgment premised upon a denial of due process and requested a permanent injunction, attorney fees, and costs. KDR countered with a second motion for summary judgment, raising issues of jurisdiction and the sufficiency of service of process. The district court partially granted Rieke's motion—a permanent injunction was entered and attorney fees were awarded—and largely denied KDR's motions. We now turn to a discussion of the issues KDR presents on appeal.

## SUBJECT MATTER JURISDICTION

KDR contends it lacks capacity in law to be sued. In *Mid American Credit Union v. Board of Sedgwick County Comm'rs,* 15 Kan. App. 2d 216, 224, 806 P.2d 479, *rev. denied* 248 P.2d 996 (1991), the court held:

"[U]nless a statute specifically provides otherwise, a subordinate government agency does not have the capacity to be sued. *Hopkins v. State,* 237 Kan. 601, 606, 702 P.2d 311 (1985). Here, the State of Kansas was sued and served with process. While the KDR may not be able to be sued alone, it may be sued in conjunction with the State."

KDR argues there is no statutory authority permitting KDR to be sued. The district court disagreed and provided the following rationale in its memorandum decision denying KDR's motion for reconsideration:

"The Court rejected the KDR's argument that it lacks capacity to be sued when it ruled on the KDR's motion to dismiss in 1996. (Mem. Dec., 9/18/96, at p. 2.) At that time, the Court emphasized K.S.A. 79-3617 as the basis for its subject matter jurisdiction, but also discussed the nature of the Court's authority under K.S.A. 60-907. (Mem. Dec., 9/18/96, at pp. 4-5). In its later ruling on the KDR's motion for summary judgment, the Court concluded that subject matter jurisdiction is proper both under K.S.A. 60-907 and under the [Act for Judicial Review and Civil Enforcement of Agency Actions]. (Mem. Dec., 3/11/98, at p. 11.)"

KDR has conceded under our holding in *Copeland*, Rieke did not fail to exhaust administrative remedies. Regarding injunctive actions, K.S.A. 60-907(b) provides: "Injunctive relief may be granted to enjoin any public officer, board, or body from entering into any contract or doing any act not authorized by law that may result in the creation of an additional levy of a tax, charge or assessment."

In *R. D. Andersen Constr. Co. v. Kansas Dept. of Human Resources*, 7 Kan. App. 2d 453, 457, 643 P.2d 1142, *rev. denied* 231 Kan. 801 (1982), the court stated:

"The rule of law allowing extraordinary judicial remedies to curtail or prohibit unlawful action by an administrative agency has long been recognized by the Kansas Supreme Court. In *State, ex rel., v. Mohler*, 98 Kan. 465, 472, 158 Pac. 408 (1916), in discussing administrative power, the Court said:
'If this power is abused, the courts are open to the aggrieved party, if not by some statutory review, then by the extraordinary and prerogative remedies of injunction or mandamus.' "

KDR has conceded its issuance of the tax warrant was an unlawful action. We conclude the district court was correct in interpreting K.S.A. 60-907(a) as specifically authorizing suit against KDR to enjoin its unlawful action. Consequently, we need not consider the alternative basis for the assertion of jurisdiction also relied upon by the district court.

We also reject KDR's alternative contention that the district court lacked subject matter jurisdiction after the tax warrant was dismissed. Once jurisdiction was conferred upon the Johnson County District Court under K.S.A. 79-3617, KDR's dismissal without prejudice of the tax warrant did not divest the court of jurisdiction to consider and decide Rieke's pending action brought under K.S.A. 60-907. Under the facts of this case, Rieke's action was a "subsequent proceeding" within the meaning of K.S.A. 79-3617.

## SERVICE OF PROCESS

KDR contends service of process delivered to the attorney general under K.S.A. 60-304(d) is legally inadequate. This issue was considered and decided in *Copeland*. "A party may obtain service

upon any governmental agency of the state by serving the attorney general. K.S.A. 60-304(d)(5). Service delivered to the attorney general pursuant to K.S.A. 60-304(d) is effective service on the Director of the Kansas Department of Revenue." 25 Kan. App. 2d at 721-22.

The district court did not err in concluding KDR has been properly served with summons.

## ATTORNEY FEES

The district court granted Rieke attorney fees and expenses, the amount to be determined later. KDR argues the court incorrectly interpreted K.S.A. 79-3268(f). Interpretation of a statute is a question of law and our review is unlimited. See *Rose & Nelson v. Frank*, 25 Kan. App. 2d 22, 24, 956 P.2d 729 (1998).

K.S.A. 79-3268(f) states:

"Attorney fees and related expenses may be awarded to a taxpayer if it can be proved that an assessment or claim asserted by the department is without a reasonable basis *in law or fact*. A taxpayer must first exhaust its administrative remedies before an award of attorney fees may be made under this section." (Emphasis added.)

KDR argues the statute requires a determination that its actions were without a reasonable basis in law *and* fact. The district court correctly rejected this assertion in its decision, denying KDR's motion for reconsideration. The court noted the statute reads "law *or* fact" and based upon the plain language of the statute and the absence of any authority to the contrary, the ordinary meaning of "or" is disjunctive not conjunctive. See *Davis v. Vermillion*, 173 Kan. 508, 510-11, 249 P.2d 625 (1952).

The district court found KDR's actions were unreasonable because it failed "to recognize the connection between the personal liability determination authorized by K.S.A. 79-3643 and the notice and hearing requirements of K.S.A. 79-3610 when it asserted its claim against the plaintiff through the issuance of a tax warrant without notice or opportunity for a hearing." The court held that the issuance of the warrant without prior notice and hearing was a claim " 'without a reasonable basis in law.' " Since the court made this finding, it was within its discretion to award attorney fees. See

*Stevenson v. Robinson*, 22 Kan. App. 2d 305, 307, 917 P.2d 893 (1996).

Also, KDR argues attorney fees should not be awarded for the period of time after the warrant was dismissed. KDR made the same argument in its motion for reconsideration. The court held: "The Court's decision regarding the amount of attorney fees to be awarded is not final. The arguments raised by KDR in paragraphs 22, 26, and 29 are therefore premature. The KDR should raise these issues as part of the procedures outlined by the Court for assessment of costs." We agree KDR's attempt to appeal this issue is premature.

Affirmed.