No. 33,178

J. L. Scott and Irene Scott, *Appellees*, v. E. E. Craft, *Appellant*.

(64 P. 2d 10)

Opinion filed January 23, 1937.

*Arthur Cranston*, of Parsons, for the appellant.

*A. L. Foster*, of Parsons, for the appellees.

The opinion of the court was delivered by

Thiele, J.: Defendant appeals from an order of the trial court dismissing the action without prejudice at the cost of plaintiffs.

Briefly stated, the petition alleged that plaintiffs are the owners of certain lands and entitled to the possession thereof; that the land had belonged to S. A. Craft and passed by her will to defendant Craft and his sister, Mary Adelaide Scott, who was not a party to the action; that Craft and his sister conveyed the land to plaintiff J. L. Scott for a stated consideration and that plaintiffs in writing contracted to convey to each of them certain portions of the land under the terms of the contracts; that in accordance with the contract plaintiffs executed a deed for the lands contracted to be conveyed to defendant and placed the same in escrow; that defendant had failed to perform under the contract and had forfeited his rights and wrongfully withheld possession from plaintiffs. The prayer was for ejectment of defendant, for restoration of possession to plaintiff, and for a decree forfeiting the contract and canceling the deed. It is here noted that in the above petition there was no allegation the contracts for conveyance were returned for taxation and tax paid as required by R. S. 1933 Supp. 79-3101 *et seq.*

Defendant answered alleging the deed to plaintiffs was given to secure a debt arising from settlement of the S. A. Craft estate. The

answer contained no allegation as to tax not being paid nor were any facts alleged as a basis for affirmative relief. Plaintiff's reply denied any loan of money by plaintiffs to defendant or that the deed was a mortgage.

On the issues thus joined, trial was had. There was no proof the mortgage registration tax was paid on either of the instruments relied on by plaintiff. After both sides had rested, defendant filed his motion that the court make findings of fact and conclusions of law, and also his motion setting up the fact the tax was not paid and because thereof plaintiff was not entitled to relief. The court then denied the motions as made and dismissed the action without prejudice at the cost of plaintiff.

Defendant's motion for a new trial was denied and he appeals.

We are not concerned with what view the trial court may have taken as to whether the deed evidenced a debt or was an absolute conveyance, for it did not decide that question. Upon defendant's motion calling attention to the failure to pay tax on the contract between plaintiff and defendant for conveyance of the land involved in this action, it dismissed the action as above stated. This was proper under *Ditzen v. Given*, 139 Kan. 506, 32 P. 2d 448.

Under the pleadings the defendant was not entitled to any affirmative relief. Under the statute referred to, he could not rely on the contract as ground for relief, and when the trial court dismissed the action, the parties were left in the same situation as though the action had not been filed. The dismissal having been procured, in part, at least, by suggestion of defendant, he may not predicate error thereon. In any event, the order of dismissal was not a final order insofar as defendant is concerned, and is not appealable.

The abstract did not show the ruling of the trail court except in a very informal way, and to advise this court plaintiff filed a counter abstract showing the journal entry of judgment. Defendant has filed a motion objecting to allowance of the cost of printing the same. The counter abstract contains matter material to the question presented, contains no extraneous matter, and the motion of defendant is denied.

The order of the court is that the appeal be dismissed.