No. 80,622

MARIA BROWER, a minor, by and through her guardian ad litem, DONALD MCKINNEY, *Appellant,* v. ELY BARTAL, M.D. and WILLIAM SHAPIRO, M.D., *Appellees.*

(990 P.2d 1235)

Opinion filed October 29, 1999.

*Gerard C. Scott,* of Prochaska & Scott, of Wichita, argued the cause and was on the brief for appellant.

*David W. Steed,* of Turner & Boisseau, Chartered, of Wichita, argued the cause, and *Eldon E. Boisseau,* of the same firm, was on the brief for appellee Ely Bartal, M.D.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is a medical malpractice action brought on behalf of Maria Brower against Ely Bartal and William Shapiro, the doctors who had surgically treated her spinal cord anomaly. The action was originally filed against Dr. Bartal but later amended to include a count against Dr. Shapiro. Before trial, the district court granted Brower's motion to dismiss Bartal without prejudice but imposed conditions on refiling the action against him, including the stipulated limitation on claims and a filing deadline. After reaching a settlement with Shapiro, Brower filed this appeal from the district court's order imposing conditions on her voluntary dismissal of Bartal. The appeal was transferred to this court from the Court of Appeals pursuant to K.S.A. 20-3018.

Maria Brower was born with normal neurological function and a lumbosacral lipomyelomeningocele (LMM). Her spinal cord was inside her spinal canal down to the level of L4 where it extended into the LMM fat. In this condition, her spinal cord was "tethered,"

which led to progressive scoliosis and likely would have led in time to progressive neurologic deficit.

In October 1987, Bartal and Shapiro performed surgery on Brower. Before the surgery she could walk normally and she had normal bowel and bladder control. Immediately after the surgery, her legs were permanently paralyzed and she had permanent loss of bowel and bladder control. In December 1992, Brower filed a petition against Bartal. In July 1993, Brower's first amended petition was filed, adding a count against Shapiro. In February 1994, during the discovery deposition of Dr. James Boggan, an expert witness designated by Brower, counsel stipulated that the only allegation of Bartal's deviating from the standard of care was "with regard to a lack of informed consent concerning the removal of the tissue regarding the LMM." Thereafter, Brower filed a motion to withdraw the stipulation, which was denied by the trial court.

Bartal opposed Brower's motion to dismiss her claims against him without prejudice. The pertinent part of the trial court's May 6, 1994, journal entry of the disposition of Brower's motion to dismiss Bartal without prejudice states:

"[T]he Court finds that the Motion to Dismiss Without Prejudice shall be SUSTAINED with the following conditions and/or limitations:

"1. All prior Discovery Orders previously made herein shall attach and be a part of any refiled action against Dr. Bartal including discovery deadline, expert report designations, and prior rulings by the Court, including the ruling on the stipulation during Dr. Boggan's deposition.

"2. If this action is to be refiled, such *must* be refiled on or before December 6, 1994."

Later, Brower's case against Shapiro was tried to a jury, which reached a verdict in favor of the defendant. The district court granted Brower's motion for new trial. Before the matter was retried, the parties entered into a settlement agreement. The district court approved the settlement, and a journal entry was filed on January 15, 1998.

On February 5, 1998, Brower filed a notice of appeal from the trial court's May 1994 order imposing conditions on dismissal of Bartal without prejudice. Brower objects to the conditions that any renewed action will be limited to the claim that Bartal failed to

obtain informed consent for the surgery and must be filed on or before December 6, 1994.

We first must decide if we have jurisdiction of this appeal. For this court to have jurisdiction, the trial court's order granting voluntary dismissal with conditions must be a final judgment, an intermediate ruling under K.S.A. 1998 Supp. 60-2103(i), or an interlocutory order under K.S.A. 60-2102(b).

It is clear that the order of dismissal without prejudice is not an interlocutory order under 60-2102(b). The trial court never made the required findings that it was a controlling question of law material to the ultimate resolution of the case.

Bartal contends that the order imposing conditions on his dismissal without prejudice is not a final decision from which an appeal may be taken. Bartal also contends that the present case is not governed by 60-2103(i) because it is implicit in the dismissal without prejudice that Brower intends to renew her claim against him. He urges the court to follow (or formulate) a rule for this situation that would require Brower to refile her claim against Bartal and prosecute it to a final decision before taking an appeal. Brower has not briefed the question of jurisdiction.

Under K.S.A. 60-2102(a)(4), appellate jurisdiction may be invoked as a matter of right as to a final order in an action. In *Hodge v. Hodge*, 190 Kan. 492, 376 P.2d 822 (1962), the appeal was from the trial court's order of dismissal of the action without prejudice. The court dismissed the appeal, stating as its reason: "[I]n our opinion the order appealed from was not a final order under G.S. 1949, 60-3303, and there is nothing here for appellate review." 190 Kan. at 493. That statute defined "final order" as "an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment." G.S. 1949, 60-3303. The current statute governing appellate jurisdiction of the Supreme Court does not specify that an appealable order must be final: "The supreme court shall have jurisdiction to correct, modify, vacate or reverse any act, order or judgment of a district court or court of appeals in order to assure that any such act, order or judgment is just, legal and free of abuse." K.S.A. 60-2101(b). This court, however, has construed K.S.A. 60-2102(a)(4) as applying to

the Supreme Court as well as to the Court of Appeals, and under that statute a party has the right to appeal from a final decision.

In *Hodge*, the entire action was dismissed. Here, the claim against Bartal was dismissed, but the claim against Shapiro remained. We view that difference as one without a distinction. The case was originally filed against Bartal and was terminated by the voluntary dismissal. At that point, there was no case against Bartal. The remaining claims were against Shapiro. We conclude, under *Hodge*, that the voluntary dismissal against Bartal was not a final order. Thus, Brower was precluded from appealing the order of dismissal under K.S.A. 60-2102(a)(4).

Although Bartal agrees the conditions on the order dismissing Brower's claim against him is an intermediate order under 60-2103(i), he argues that it is subject to review only in the event Brower refiles within 6 months and a final judgment is entered with respect to the claim against Bartal. We agree. Brower is not complaining of the trial court's dismissal of Bartal; she sought the dismissal, and the court granted her request. Thus, she was free to refile her action against Bartal, but she did not do so. The conditions which are the subject of this appeal are part and parcel of the dismissal and present purely abstract questions unless she had refiled the action against Bartal.

Since we do not have jurisdiction of this appeal, we do not consider the issues raised. However, we note in passing Brower's claim that the conditions for refiling are inconsistent with the statute of limitations period. Once Brower filed her claims against Bartal, the statute of limitations is no longer applicable. Since Bartal objected to the dismissal without prejudice, K.S.A. 1998 Supp. 60-241(a)(2) applies. It provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as the judge deems proper." The standard of review as to the conditions imposed by the district court is "confined to whether the situation and circumstances clearly show an abuse of discretion, *i.e.*, an arbitrary action that failed to apply the appropriate equitable and legal principles under the facts and cir-

cumstances of the case." *Patterson v. Brouhard*, 246 Kan. 700, 707, 792 P.2d 983 (1990).

The appeal is dismissed.