No. 84,678

PEGGY BAIN, ADMINISTRATOR OF THE ESTATE OF MICKY BAIN, DECEASED, and PEGGY BAIN, INDIVIDUALLY, *Appellees*, v. DR. DENNIS ARTZER, *Appellant*.

(25 P.3d 136)

Opinion filed June 1, 2001.

*James D. Oliver*, of Foulston & Siefkin L.L.P., of Topeka, argued the cause, and *Thomas L. Theis* and *Caleb Stegall*, of the same firm, were with him on the briefs for appellant.

*Robert S. Tomassi*, of Tomassi Law Firm, L.L.C., of Pittsburg, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The appellant, Dr. Dennis Artzer, appeals from a ruling of the trial court granting the appellee, Peggy Bain, an order of voluntary dismissal without prejudice after she had presented all of her evidence at trial. Bain has filed a cross-appeal concerning the trial court's disqualification of one of her witnesses for failing to qualify as an expert pursuant to K.S.A. 60-3412.

Bain's husband Micky suffered from kidney failure in 1992. Micky was treated and placed on dialysis by his treating physician, Dr. Artzer. Artzer is a nephrologist, a physician who specializes in the care and management of patients with kidney disease. A permanent site was surgically placed in Micky's left arm.

On July 5, 1996, Micky complained that he did not feel well. His condition deteriorated over the next several days. On the afternoon of July 10, 1996, Bain called an ambulance because Micky was in considerable discomfort and could not stand on his own. Micky was given antibiotics and hospitalized. Micky complained that he had flu-like symptoms and that he had redness around both the subclavian shunt and the permanent site on his left arm. Artzer treated Micky with antibiotics. Micky died on July 29, 1996.

On August 22, 1997, Bain filed a medical malpractice suit against Artzer on her own behalf and as administrator of Micky's estate. Bain alleged that Artzer had failed to treat Micky with antibiotics and failed to properly diagnose his condition.

The case was tried, commencing on October 5, 1999, over 2 years after the action was filed.

Bain's expert witness, Dr. Glenn R. Hodges, was called to the stand and voir dired on his qualifications to testify concerning the standard of care. The testimony was taken out of the presence of the jury. The testimony revealed that Hodges spent less than 50% of his time in actual clinical patient care. Artzer objected to allowing Hodges to testify as an expert on the standard of care. The trial court ruled that Hodges did not have the minimum qualifications in clinical practice as required by K.S.A. 60-3412.

After Bain rested, she moved to dismiss the case without prejudice. Artzer moved for a directed verdict on the grounds that Bain had not presented any evidence as to causation or deviation from the standard of care. The trial court sustained Bain's motion to dismiss her case with conditions and denied Artzer's motion for a directed verdict on the basis that it was moot. In its written order, the court set forth:

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for permission to dismiss without prejudice the petition for the purpose of refiling the petition within the statutory permitted time is granted on the following conditions:

"(a) that in any newly filed action, plaintiff's witnesses and exhibits shall remain the same as those presented during the trial of this action with the exception that plaintiff is allowed to substitute another expert witness in place of Dr. Hodges;

"(b) and with the further condition that any substitute expert may not offer opinions that are different from or in addition to those set forth in the plaintiff's expert designation of Dr. Hodges in this action."

Bain filed a timely notice of appeal. Artzer filed a cross-appeal. This matter is before this court pursuant to K.S.A. 20-3018(c).

## JURISDICTION

Before we address the substantive issues raised by the parties in this case, we first determine whether we have jurisdiction to consider this appeal. We addressed this very issue in *Brower v. Bartal*, 268 Kan. 43, 990 P.2d 1235 (1999). In *Brower*, a medical malpractice case was brought against two doctors who had surgically treated the plaintiff's spinal cord anomaly. Prior to trial, the plaintiff filed a motion to dismiss the case against Dr. Bartal without prejudice, which the trial court granted. The action against Dr. Shapiro, the other doctor, was eventually settled.

Brower filed a notice of appeal from the Bartal order of dismissal. The case was transferred to this court pursuant to K.S.A. 20-3018. We first considered whether we had jurisdiction and stated:

"We first must decide if we have jurisdiction of this appeal. For this court to have jurisdiction, the trial court's order granting voluntary dismissal with conditions must be a final judgment, an intermediate ruling under K.S.A. 1998 Supp. 60-2103(i), or an interlocutory order under K.S.A. 60-2102(b).

"It is clear that the order of dismissal without prejudice is not an interlocutory order under 60-2102(b). The trial court never made the required findings that it was a controlling question of law material to the ultimate resolution of the case.

"Bartal contends that the order imposing conditions on his dismissal without prejudice is not a final decision from which an appeal may be taken. . . .

"Under K.S.A. 60-2102(a)(4), appellate jurisdiction may be invoked as a matter of right as to a final order in an action. . . . The current statute governing appellate jurisdiction of the Supreme Court does not specify that an appealable order must be final: 'The supreme court shall have jurisdiction to correct, modify, vacate or reverse any act, order or judgment of a district court or court of appeals in order to assure that any such act, order or judgment is just, legal and free of abuse.' K. S.A. 60-2101(b). This court, however, has construed K.S.A. 60-2102(a)(4) as applying to the Supreme Court as well as to the Court of Appeals, and under that statute a party has the right to appeal from a final decision.

". . . *The case was originally filed against Bartal and was terminated by the voluntary dismissal. At that point, there was no case against Bartal. The remaining claims were against Shapiro. We conclude . . . that the voluntary dismissal against Bartal was not a final order.* Thus, Brower was precluded from appealing the order of dismissal under K.S.A. 60-2102(a)(4)." (Emphasis added.) 268 Kan. at 45-46.

See also *Hodge v. Hodge*, 190 Kan. 492, 492-93, 376 P.2d 822 (1962) (order granting dismissal without prejudice is not a final order [under previous version of statute] and is not reviewable on appeal); *Scott v. Craft*, 145 Kan. 172, 173, 64 P.2d 10 (1937) (dismissing appeal which was brought after trial court granted dismissal without prejudice as court was without jurisdiction to consider). Other courts have similarly held. See *Beverly Enterprises— Arkansas, Inc. v. Hillier*, 341 Ark. 1, 3-4, 14 S.W.3d 487 (2000) (appellate court had no jurisdiction to consider appeal from trial court's order of dismissal without prejudice); *Watson v. Pepper*, 738 So.2d 512 (Fla. App. 1999) (dismissal without prejudice is not a final order and, therefore, appellate courts are without jurisdiction to consider); *Int'l Insurance Co. v. Morton Thiokol, Inc.*, 185 Ill. App. 3d 686, 691, 542 N.E.2d 6 (1989) (dismissing appeal where party had attempted to appeal from trial court's order granting dismissal without prejudice for lack of jurisdiction); *BACA v. Atchison, Topeka, and Sante Fe Railway Corp.*, 121 N.M. 734, 735, 918 P.2d 13 (1996) (order dismissing suit without prejudice was not a final order and, thus, could not be appealed).

In the present case, the trial court's order granting Bain's motion for voluntary dismissal without prejudice is not a final order and, as such, this court is without jurisdiction to consider the appeal.

In view of our lack of jurisdiction, Bain's cross-appeal will not be considered.

Appeal dismissed.

LARSON, J., not participating.

ROBERT J. LEWIS, JR., J., assigned.