NOT DESIGNATED FOR PUBLICATION

No. 117,662

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CAYWOOD, LLC,
*Appellant*,

v.

CITY OF WICHITA, KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 1, 2018. Reversed and remanded.

*Joseph A. Schremmer* and *Randall K. Rathbun*, of Depew Gillen Rathbun & McInteer LC, of Wichita, for appellant.

*Arthur S. Chalmers*, of Hite, Fanning & Honeyman L.L.P., of Wichita, for appellee.

Before POWELL, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Caywood, LLC appeals after the district court granted the City of Wichita a judgment as a matter of law under K.S.A. 2017 Supp. 60-250(a) before trial began. On appeal, we review the district court's decision to grant a party a judgment as a matter of law de novo. Likewise, an interpretation of a statute involves a question of law over which our review is unlimited. Based on the plain and unambiguous language of K.S.A. 2017 Supp. 60-250(a)(1), we conclude that the district court lacked the authority to grant the City a judgment as a matter of law before trial. As such, we do not reach the

1

substantive issues presented by the parties. Thus, we reverse and remand this case to the district court for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

For the most part, the underlying facts of this case are not material to resolving this appeal. Briefly, we note that the City of Wichita (City) operates a sewage treatment plant that is located near real property owned by Caywood, LLC (Caywood). Evidently, the City constructed the plant in 1957 and Caywood—or its predecessor—purchased nearby real property for a residential housing development in 1997. At some point, the plant began emitting an odor that allegedly had a negative impact on the enjoyment of the surrounding property.

On August 27, 2014, Caywood submitted a notice of claim to the City under K.S.A. 2014 Supp. 12-105(b). The notice asserted that the odor released by the sewage treatment plant was a nuisance and damaged Caywood's real property. Caywood filed a lawsuit against the City on January 22, 2015, seeking injunctive relief and monetary damages arising out of the alleged nuisance.

Prior to trial, the City filed a motion for summary judgment. In support of its motion, the City argued—among other things—that Caywood's claim for damages is barred by the statute of limitations. Initially, Judge Jeff Dewey granted the City's motion for summary judgment. In particular, Judge Dewey determined that Caywood was seeking permanent damages that are barred by the statute of limitations. However, Judge Dewey subsequently granted a motion to reconsider filed by Caywood, finding that the question of whether the alleged nuisance is permanent or temporary is a question of fact.

The case was set for a jury trial to begin on March 13, 2017. Prior to trial, the City filed a motion in limine seeking to prohibit Caywood from presenting evidence or

2

making reference in front of the jury about its claim for damages. The parties presented arguments on the motion in limine to Judge Bruce Brown on March 8, 2017, and he took the matter under advisement. On the morning of trial—but before a jury had been empaneled, Judge Brown granted the City's motion in limine. The City then orally moved for judgment as a matter of law under K.S.A. 60-250(a) on Caywood's claim for monetary damages. After the district court granted the motion, the parties agreed to Caywood dismissing its claim for injunctive relief without prejudice.

On March 22, 2017, Judge Brown entered a Journal Entry of Judgment and Dismissal Without Prejudice. Although the journal entry suggests that the district court's "findings and conclusions were expressed . . . on the record and these statements are incorporated here as if fully set out in this order," we cannot locate in the record on appeal a transcript of the proceedings held on March 13, 2017. In any event, the journal entry reflects that the district court entered judgment as a matter of law in favor of the City on Caywood's "claims for monetary damages pursuant to K.S.A. 60-250(a)." Likewise, the journal entry reflects that Caywood's "claim for injunctive relief is hereby dismissed without prejudice to refiling."

On April 21, 2017, Caywood timely filed this appeal.

ANALYSIS

The district court ostensibly granted the City a judgment as a matter of law under K.S.A. 2017 Supp. 60-250(a) on the issue of monetary damages. We note that a motion for a judgment as a matter of law was formerly called a motion for directed verdict. *Siruta v. Siruta*, 301 Kan. 757, 766, 348 P.3d 549 (2015). On appeal, we review a district court's decision to grant a motion for judgment as a matter of law is de novo. *Russell v. May*, 306 Kan. 1058, 1067, 400 P.3d 647 (2017).

3

Moreover, the interpretation of a statute is a question of law that we review de novo. *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013). The primary purpose of statutory interpretation is to give effect to the intent of the Legislature. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). The first step of statutory interpretation is to seek to determine the Legislature's intent by looking to the words of the statute. In doing so, we are to give common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

The applicable procedure to obtain a judgment as a matter of law is set forth in K.S.A. 2017 Supp. 60-250(a)(1), which provides:

> "(a) *Judgment as a matter of law.* (1) *In general.* If *a party has been fully heard on an issue during a jury trial* and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) Resolve the issue against the party; and
> (B) grant a motion for a judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." (Emphasis added.)

Based on the unambiguous language of K.S.A. 2017 Supp. 60-250(a)(1), we find that this procedure is only applicable "during a jury trial" and is unavailable *prior* to the commencement of a jury trial. Likewise, even after a jury has been empaneled, this procedure is only available after "a party has been fully heard on an issue" and not at the start of trial. For these reasons, based on the plain and unambiguous language of the statute, we conclude that the district court did not have the authority to grant the City a judgment as a matter of law under K.S.A. 2017 Supp. 60-250(a) prior to the start of the jury trial. As a result, the purported judgment as a matter of law has no legal effect.

Moreover, an order granting a voluntary dismissal without prejudice is not considered to be a "final decision" under K.S.A. 2017 Supp. 60-2102(a)(4). See *Bain v.*

4

*Artzer*, 271 Kan. 578, 580-81, 25 P.3d 136 (2001). As such, there was no final, appealable order entered in this case. See K.S.A. 2017 Supp. 60-2102(a)(4) (appeal as matter of right from "[a] final decision in any action"). We, therefore, reverse the district court's unauthorized entry of judgment as a matter of law and we remand this case to the district court for further proceedings. Furthermore, in light of our decision, we do not reach the substantive issues presented by the parties.

Reversed and remanded for further proceedings.