NOT DESIGNATED FOR PUBLICATION

No. 117,662

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CAYWOOD, LLC
*Appellant*,

v.

CITY OF WICHITA, KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion on remand filed March 29, 2019. Reversed in part, dismissed in part, and remanded with directions.

*Joseph A. Schremmer* and *Randall K. Rathbun*, of Depew Gillen Rathbun & McInteer LC, of Wichita, for appellant.

*Arthur S. Chalmers* and *F. James Robinson Jr.*, of Hite, Fanning & Honeyman L.L.P., of Wichita, for appellee.

Before POWELL, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: This case returns on remand from the Kansas Supreme Court. We previously issued our opinion in this case on June 1, 2018. See *Caywood, L.L.C. v. City of Wichita*, No. 117, 662, 2018 WL 2451811 (Kan. App. 2018) (unpublished opinion). After reviewing the supplemental briefs filed by the parties in light of Kansas law, we continue to find that the district court lacked the authority to grant the City of Wichita judgment as a matter of law pursuant to K.S.A. 2017 Supp. 60-250(a). Our decision is

1

based on the plain and unambiguous statutory language. Thus, we reverse in part, dismiss in part, and remand this case to the district court for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

On August 27, 2014, Caywood, LLC (Caywood) submitted a notice of claim to the City of Wichita (City) under K.S.A. 2014 Supp. 12-105b. The notice asserted that odor released by a sewage treatment plant operated by the City was a nuisance and damaged Caywood's real property. After the City denied the claim, Caywood filed a lawsuit against the City on January 22, 2015. In particular, Caywood sought injunctive relief and monetary damages arising out of the alleged nuisance.

Prior to trial, the City filed a motion for summary judgment. In support of its motion, the City argued—among other things—that Caywood's claim for damages is barred by the statute of limitations. Initially, Judge Jeff Dewey granted the City's motion for summary judgment. Subsequently, Judge Dewey granted a motion to reconsider filed by Caywood finding that the question of whether the alleged nuisance is permanent or temporary is a question of fact for a jury to determine.

The case was set for a jury trial to begin on March 13, 2017. Prior to trial, the City filed a motion in limine seeking to prohibit Caywood from presenting evidence or making reference in front of the jury about its claim for damages. The parties presented arguments on the motion in limine to Judge Bruce Brown on March 8, 2017, and he took the matter under advisement.

On the morning of trial but before the jury trial had started, Judge Brown granted the City's motion in limine. The City then orally moved for judgment as a matter of law under K.S.A. 2017 Supp. 60-250(a) on Caywood's claim for monetary damages. After the

2

district court granted the motion, the parties agreed to Caywood dismissing its claim for injunctive relief without prejudice.

On March 22, 2017, Judge Brown entered a journal entry of judgment and dismissal without prejudice. Although the journal entry suggests that the district court's "findings and conclusions were expressed . . . on the record and these statements are incorporated here as if fully set out in this order," we cannot locate a transcript of such a ruling in the record on appeal. Nevertheless, the journal entry expressly states that the district court entered judgment as a matter of law in favor of the City on Caywood's "claims for monetary damages pursuant to K.S.A. 60-250(a)." Likewise, the journal entry states that Caywood's "claim for injunctive relief is hereby dismissed without prejudice to refiling."

In our previous opinion, we held "that the district court did not have the authority to grant the City a judgment as a matter of law under K.S.A. 2017 Supp. 60-250(a) prior to the start of the jury trial." 2018 WL 2451811, at *2. We further held that "an order granting a voluntary dismissal without prejudice is not considered to be a 'final decision' under K.S.A. 2017 Supp. 60-2102(a)(4)" and therefore was not an appealable order. 2018 WL 2451811, at *2. Ultimately, we reversed the district court and remanded the case for further proceedings. 2018 WL 2451811, at *3. Subsequently, the Kansas Supreme Court granted a petition for review.

On December 17, 2018, our Supreme Court entered an order summarily vacating our opinion and remanding the case to us. In doing so, it directed us "to permit the parties to brief the issues on which it sua sponte decided this case." Although we note that the issue of whether the district court had authority to enter a judgment as a matter of law under K.S.A. 2017 Supp. 60-250(a) had been discussed at the oral arguments previously presented to this court, we have complied with the Kansas Supreme Court's order. Now

3

that the parties have filed their supplemental briefs, we deem this matter to be submitted for ruling.

ANALYSIS

*Judgment as a matter of law under K.S.A. 2017 Supp. 60-250(a)*

K.S.A. 2017 Supp. 60-250(a) controls the district court's authority to grant a motion for judgment as a matter of law. Interpretation of a statute is a question of law over which we have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016).

We must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). When a statute is plain and unambiguous, we are not to speculate about the legislative intent behind the statutory language, and we are to refrain from reading something into the statute that is not readily found in its words. *Nauheim v. City of Topeka*, 309 Kan. 145, 149-50, 432 P.3d 647 (2019).

"On appeal from a motion for judgment as a matter of law, appellate courts apply the same standard as did the district court and review the motion de novo. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 707, 317 P.3d 70 (2014) (discussing a motion for directed verdict, the former name for a motion for judgment as a matter of law)." *Russell v. May*, 306 Kan. 1058, 1067, 400 P.3d 647 (2017).

K.S.A. 2017 Supp. 60-250(a) provides:

4

*"Judgment as a matter of law.* (1) *In general.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) Resolve the issue against the party; and

(B) grant a motion for a judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

"(2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and the facts that entitle the movant to the judgment.

"(3) *Comparative fault actions.* The court must reserve decision on a motion for judgment as a matter of law by a party joined under subsection (c) of K.S.A. 60-258a, and amendments thereto, until all evidence has been presented by any party alleging the movant's fault."

We continue to find that the plain and unambiguous language of K.S.A. 2017 Supp. 60-250(a) controls the outcome of this appeal. By the statute's express terms, a district court only has the statutory authority to grant a judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial . . . ." K.S.A. 2017 Supp. 60-250(a)(1). Consequently, if a district court does not have the statutory authority to grant a judgment as a matter of law before "fully heard" at a jury trial, it cannot grant judgment as a matter of law prior to the commencement of the jury trial. Here, no jury venire had been sworn, no jury members had been selected, no jury panel had been sworn, no opening statements had been given, and no evidence had been presented.

Although it is suggested in the supplemental briefs that the granting of judgment as a matter of law was appropriate in light of the language in K.S.A. 2017 Supp. 60-250(a)(2), we do not find this to be accurate based on the plain and unambiguous language of the statute. We start from the premise that the sections of the statute must be read together and not in isolation. *State v. Nguyen*, 304 Kan. 420, 424-25, 372 P.3d 1142 (2016) (citing *State v. Brown*, 303 Kan. 995, 1006, 368 P.3d 1101 [2016]). In doing so,

5

we find nothing in K.S.A. 2017 Supp. 60-250(a)(2) that removes the requisite in K.S.A. 2017 Supp. 60-250(a)(1) that a district court may not grant judgment as a matter of law until a party has "been fully heard on an issue during a jury trial . . . ."

We note the United States Court of Appeals for the Ninth Circuit addressed a similar argument dealing with Fed. R. Civ. Proc. 50(a)—which is the same as K.S.A. 2017 Supp. 60-250(a)—in the case of *McSherry v. City of Long Beach*, 423 F.3d 1015, 1019 (9th Cir. 2005). In determining that the district court had inappropriately granted a judgment as a matter of law prior to trial, the Ninth Circuit found:

> "Nothing about the language or structure of the provisions suggests that Rule 50(a)(2) has a force independent of Rule 50(a)(1). Reading the two provisions together, it is apparent that Rule 50(a)(1) sets forth the standards under which a court may grant judgment as a matter of law, while Rule 50(a)(2) explains when a party may make a motion. The latter section . . . does not eliminate the substantive requirement that a party be 'fully heard' on an issue prior to the grant of judgment as a matter of law." 423 F.3d at 1019.

The Ninth Circuit went on to conclude "that the language in Rule 50(a)(2) is not intended to permit pre-trial motions but rather to prevent the moving party from waiting until it is too late for the non-moving party to perfect its case." 423 F.3d at 1020. We find this interpretation of Rule 50(a) to be consistent with our interpretation of K.S.A. 2017 Supp. 60-250(a). See *Echeverria v. Chevron USA Inc.*, 391 F.3d 607, 610-12 (5th Cir. 2004); *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1149 (D.C. Cir. 2004); *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999).

We also note that the practice commentary to Fed. R. Civ. Proc. 50 explains that "[t]he right to be 'fully heard' on an issue means that *the party is entitled to present its evidence to the jury, rather than to the judge as a summary preview of the party's further evidence.*" (Emphasis added.) Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 50, p.10 (2019). The City cites to Wright & Miller's *Federal Practice*

6

*& Procedure*, Third Edition in support of the position that there may be situations when an early application of Rule 50(a) may be warranted. However, this does not mean that a district court has the authority to grant judgment as a matter of law under 50(a) prior to the commencement of a jury trial. We find the same to be true of K.S.A. 2017 Supp. 60-250(a).

Similarly, we do not find the unpublished opinions from our court that are cited by the City to justify the use of K.S.A. 2017 Supp. 60-250(a) under the circumstances presented in this case. In *Lanam v. Promise Regional Med. Ctr.-Hutchinson, Inc.*, No. 113,430, 2016 WL 105046 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1319 (2017), the district court granted a mistrial as a matter of law after opening statements because during opening statements an issue of simple negligence was erroneously turned into an issue of medical malpractice in violation of pretrial orders. Likewise, in *Cook v. Gray*, No. 64,253, unpublished opinion filed June 29, 1990, slip op. (Kan. App.) we reversed the district court for granting judgment as a matter of law after opening statements, that opinion supports our decision is this case. Neither case supports the proposition presented by the City.

Of course, there are procedural tools available for a party to obtain a judgment as a matter of law prior to trial. Here, the City could have renewed its motion for summary judgment under K.S.A. 2017 Supp. 60-256 and in compliance with Kansas Supreme Court Rule 141 (2019 Kan. S. Ct. R. 211). Had the City done so and had the district court granted the motion for summary judgment, we would have findings of fact and conclusions of law to review. See K.S.A. 2017 Supp. 60-256; Rule 141(g); Supreme Court Rule 165 (2019 Kan. S. Ct. R. 221).

Although the journal entry and dismissal without prejudice filed on March 22, 2017, briefly explains the procedural posture of this case, it contains no findings of fact or conclusions of law. Furthermore, it does not discuss the complex substantive issues

presented in this case. Rather, it appears that the district court granted judgment as a matter of law based on its ruling on a motion in limine regarding the exclusion of certain damage evidence. It is important to remember that "[a] ruling on a motion in limine is temporary in nature and is subject to revision at trial in light of the evidence that is actually presented." *State v. Smith*, 46 Kan. App. 2d 939, 943, 268 P.3d 1206 (2011). In light of the granting of a K.S.A. 2017 Supp. 60-250(a) motion prior to the start of trial, we have no way of knowing what evidence the district court would have ultimately admitted or excluded.

It is also suggested in the supplemental briefs that a district court's decision to grant judgment as a matter of law under K.S.A. 2017 Supp. 60-250(a) is discretionary and that we should grant deference to the early application of the statute in this case. Unfortunately, a district court abuses its discretion when—as in this case—it commits an error of law. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). Although judicial efficiency and deference to the district court are important considerations, they do not outweigh the plain language of the statute that provides the authority to a district court to grant a motion for judgment as a matter of law under K.S.A. 2017 Supp. 60-250(a).

*Voluntary Dismissal Without Prejudice*

As the Kansas Supreme Court has held, "[a] trial court's order granting a motion for voluntary dismissal without prejudice is not a final order and, as such, an appellate court is without jurisdiction to consider an appeal of that order." *Bain v. Artzer*, 271 Kan. 578, Syl. ¶ 2, 25 P.3d 136 (2001); see *Brower v. Bartal*, 268 Kan. 43, 45, 990 P.2d 1235 (1999). "These decisions are grounded on the fact that a 'final decision' has been defined as 'one which finally disposes of the entire merits of the case and leaves no further questions or directions for future actions by the court. *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 29, 59 P.3d 1003 (2002). *Ramsey v. Lee Builders, Inc*., 32 Kan.

8

App. 2d 1147, 1152, 95 P.3d 1033, *rev. denied* 278 Kan. 847 (2004)." *West v. Miller*, No. 109,103, 2013 WL 6726175, at *3 (Kan. App. 2013) (unpublished opinion).

The journal entry and dismissal without prejudice entered by the district court states that Caywood "moved to dismiss, without prejudice, [its] claim and prayer for injunctive relief." In other words, the district court granted Caywood a voluntary dismissal without prejudice. Nevertheless, it is suggested that we should disregard *Bain* and the many other cases holding that a voluntary dismissal without prejudice is not a final order over which we have jurisdiction to consider on appeal.

In support of this position, the City argues that "Caywood is not appealing that part of the district court's order dismissing the injunction claim without prejudice. Caywood is only appealing the judgment on the nuisance claim." However, we note that the Notice of Appeal filed by Caywood specifically states—without limitation—that it "appeals from the Journal Entry of Judgment and Dismissal Without Prejudice filed on March 22, 2017, to the Court of Appeals for the State of Kansas." Of course, if Caywood desires to waive its claim for injunctive relief, it is free to do so. Regardless, we do not have appellate jurisdiction over any issues relating to the voluntary dismissal.

CONCLUSION

We, therefore, reverse the district court's granting of judgment as a matter of law to the City under K.S.A. 2017 Supp. 60-250(a), we dismiss any claims relating to the district court's granting of Caywood's motion for voluntary dismissal, and we remand this case to the district court for further proceedings.

Reversed in part, dismissed in part, and remanded for further proceedings.