NOT DESIGNATED FOR PUBLICATION

No. 122,600

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TYRONE BAKER,
*Appellant*,

v.

JEFF ZMUDA, L. MATHIS, and DOUGLAS BURRIS,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed October 30, 2020. Appeal dismissed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Fred W. Phelps, Jr.*, deputy chief legal counsel, Kansas Department of Corrections, for appellees.

Before GARDNER, P.J., BUSER and BRUNS, JJ.

PER CURIAM: Tyrone Baker appeals the district court's dismissal of his K.S.A. 60-1501 petition without prejudice for lack of prosecution. On appeal, Baker contends that he prosecuted his court case by substantially complying with the district court's orders regarding payment of the filing fee and attempting to effectuate service of process.

After submission of the record on appeal and appellate briefs, our court issued a show cause order to the parties advising them that we may not have jurisdiction to consider Baker's appeal. Both parties were ordered to file a written response regarding whether the appeal should be dismissed for lack of appellate jurisdiction.

1

Baker responded that upon further review it appeared the district court's dismissal of his K.S.A. 60-1501 petition was without prejudice and, as a result, he "must concede this Court does not have jurisdiction under K.S.A. 2019 Supp. 60-2102(a)(4)." For their part, the appellees also agreed that appellate jurisdiction was lacking.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). Subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. 306 Kan. at 33. An appellate court has a duty to question jurisdiction on its own initiative. And when the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *Wiechman v. Huddleston*, 304 Kan. 80, 84-85, 370 P.3d 1194 (2016).

The right to appeal is entirely statutory in Kansas. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in a manner prescribed by K.S.A. 2019 Supp. 60-2102. In particular, K.S.A. 2019 Supp. 60-2102(a)(4) provides appellate jurisdiction over "[a] final decision in any action." Courts have defined a "'final decision'" as one that "generally disposes of the entire merits of a case and leaves no further questions or possibilities for future directions or actions by the lower court." *Kaelter v. Sokol*, 301 Kan. 247, 249-50, 340 P.3d 1210 (2015).

The record on appeal shows the district court's order of dismissal did not state whether the dismissal was with or without prejudice. However, K.S.A. 2019 Supp. 60-241(b)(2) only authorizes a district court—when involuntarily dismissing a case for lack of prosecution on its own—to issue the dismissal without prejudice. In keeping with this statute, the district court's register of actions states that Baker's petition was, in fact, "dismissed without prejudice." Taken together, we find the district court's dismissal of Baker's K.S.A. 60-1501 petition for lack of prosecution was without prejudice.

2

As candidly conceded by the appellant, an order of dismissal without prejudice is ordinarily not a final order for appellate purposes. See *Bain v. Artzer*, 271 Kan. 578, 581, 25 P.3d 136 (2001); *Cohen v. Battaglia*, 41 Kan. App. 2d 386, 390-91, 202 P.3d 87 (2009), *rev'd on other grounds* 296 Kan. 542, 293 P.3d. 752 (2013); *Brown v. Kansas City Archdiocese*, No. 98,213, 2008 WL 624703, at *3 (Kan. App. 2008) (unpublished opinion).

Given that the district court's order of dismissal was without prejudice and the parties agree that this dismissal does not constitute a final order under K.S.A. 2019 Supp. 60-2102(a)(4) for purposes of appellate jurisdiction, we hold that our court is without jurisdiction to consider Baker's appeal.

Appeal dismissed.