IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 128,038

BETHANY KING,
*Appellant*,

v.

JANET SCHWERT, JUSTIN WETTERER, SARAH HENDRIX ENDERLE,
TRACI HIGBEE, and TERRA CIPRA HERZOG,
*Appellees*.

SYLLABUS BY THE COURT

A final decision is one that finally decides and disposes of the entire merits of the controversy and reserves no further questions or directions for the future or further action of the court.

Review of the judgment of the Court of Appeals in an unpublished order filed November 4, 2024. Appeal from Johnson District Court; DAVID W. HAUBER and K. CHRISTOPHER JAYARAM, judges. Submitted without oral argument December 17, 2025. Opinion filed May 22, 2026. Judgment of the Court of Appeals dismissing the appeal is reversed, and the case is remanded to the Court of Appeals with directions.

*Bethany King*, appellant, was on the briefs pro se.

*Lesley R. Willson* and *Robert J. Luder*, of Luder & Weist, LLC, of Overland Park, were on the briefs for appellees.

The opinion of the court was delivered by

STEGALL, J.: Bethany King, appearing pro se, was involved in multiple disputes with board members of the Milburn Fields Home Owners Association (HOA). The

1

trouble began when King was banned from the HOA's Facebook group. King filed suit against the defendants in early 2023 and the parties reached a settlement agreement. Shortly after that, however, King filed suit again, alleging that the defendants were continuing to commit torts against her and were in violation of the settlement agreement. The district court dismissed all but one of King's claims and granted her leave to file an amended petition. Shortly thereafter, King filed an amended petition alleging several breaches of the terms of the settlement and bringing various tort claims. Her August 2023 lawsuit alleged that:

- Alexander Payne committed libel and defamation against her;
- Sarah Hendrix Enderle defamed her;
- Terra Cipra Herzog defamed her;
- Payne violated the settlement agreement's confidentiality provision;
- All defendants tortiously interfered with the settlement agreement; and
- Cipra Herzog, Janet Schwert, Hendrix Enderle, Traci Higbee, and Justin Wetterer committed libel by mailing a letter to HOA members stating there was no evidence to support King's complaints.

The defendants moved to dismiss all King's claims, and in November 2023 the district court ruled in defendants' favor on all but the last claim. King initially appealed the district court's November 2023 ruling; however, she voluntarily dismissed the appeal after the defendants asserted that the November 2023 dismissal was not yet a final judgment. In 2024, the district court dismissed King's remaining claim without prejudice. King then appealed all of the dismissed claims, but the Court of Appeals determined it lacked jurisdiction because the final claim had been dismissed without prejudice. The Court of Appeals involuntarily dismissed the appeal—but did not mention any of King's November 2023 claims. The entire order is included below:

"Appellees' motion for involuntary dismissal of this appeal is granted. *A district court order dismissing a case without prejudice is not a final decision* because '[a] dismissal without prejudice contemplates by its very nature the possibility of refiling an action that is exactly or substantially the same as the action dismissed.' *Cohen v. Battaglia*, 41 Kan. App. 2d 386, 391, 202 P.3d 87 (2009), *rev'd on other grounds* 296 Kan. 542, 293 P.3d 752 (2013). Unless a plaintiff can show that he or she will be adversely affected by a *dismissal without prejudice*, this court cannot exercise jurisdiction over an appeal challenging the dismissal. Here, Appellant claims that she cannot refile her petition because the statute of limitations had run on at least one of her claims shortly *before the district court dismissed this case on June 14, 2024*. Under K.S.A. 60-518, a party may refile an action within six months after a dismissed without prejudice even if a statute of limitations had run while the action was pending. That statute appears to apply here. Accordingly, Appellant has six months from the date of the dismissal to refile her petition. We, therefore, dismiss this appeal for lack of jurisdiction." (Emphases added.)

For our purposes, King's substantive legal arguments are not the subject of this appeal. Instead, King petitioned for review in this court asking us to direct the Court of Appeals to consider her appeal of the claims that were dismissed in November 2023. Throughout this process, King has consistently argued she believes the November 2023 dismissal was "with prejudice" and "on the merits"—and that she will not be able to refile those claims because the statute of limitations has expired.

The issues raised in this appeal are questions of law, over which an appellate court exercises unlimited review. *Benchmark Property Remodeling v. Grandmothers, Inc.*, 319 Kan. 227, 233, 553 P.3d 974 (2024). King does not contest the Court of Appeals' determination that it had no jurisdiction over the 2024 dismissal order because that dismissal was without prejudice. See *Bain v. Artzer*, 271 Kan. 578, 581, 25 P.3d 136 (2001) (A "trial court's order granting . . . dismissal without prejudice is not a final order and, as such, this court is without jurisdiction to consider the appeal.").

Instead, King essentially claims that the Court of Appeals misunderstood her appeal. She argues that substantively, she is seeking appellate review not of the 2024 dismissal order, but only of the November 2023 dismissal order. She suggests the only reason the 2024 order is important is because this order is what disposed of her remaining claims and effectively made the November 2023 order *final and appealable*. Thus, to determine appellate jurisdiction over the November 2023 order, two questions must be answered: (1) was the November 2023 dismissal order with prejudice; and (2) did the November 2023 dismissal order become a final order when the district court dismissed King's final claim in 2024? We answer both questions in the affirmative.

We first consider whether the November 2023 dismissal of King's claims based on K.S.A. 60-212(b)(6) was an "adjudication on the merits" of those claims. K.S.A. 60-241(b) states that an involuntary dismissal under K.S.A. 60-212(b)(6) operates as an adjudication on the merits. See K.S.A. 60-241(b) ("Unless the dismissal order states otherwise, a dismissal under this paragraph and any dismissal not under this section, except one for lack of jurisdiction [K.S.A. 60-212(b)(1-2)], improper venue [K.S.A. 60-212(b)(3)] or failure to join a party under K.S.A. 60-219, and amendments thereto, operates as an adjudication on the merits."). Our caselaw reinforces this. See *Wirt v. Esrey*, 233 Kan. 300, 310, 662 P.2d 1238 (1983) ("dismissal for failure to state a claim operates as an adjudication on the merits").

Next, we ask whether the district court's November 2023 "adjudication on the merits" became a "final judgment" under K.S.A. 60-2102(a)(4) following the June 2024 dismissal of King's remaining claim. See K.S.A. 60-2102(a)(4) ("[T]he appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from: . . . A final decision in any action, except in an action where a direct appeal to the supreme court is required by law. In any appeal or cross appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable.").

4

King argues, and all parties seem to accept, that the district court's dismissal of the November 2023 claims did not immediately create a final judgment with respect to those claims. King initially tried to appeal the lower court's November 2023 ruling and the defendants filed a motion for involuntary dismissal on the grounds that the ruling was not yet a final judgment. King acquiesced and voluntarily dismissed the first appeal. So when do district court orders that dispose of only *some* of the claims become final and appealable?

A final decision is one "that finally decides and disposes of the entire merits of the controversy and reserves no further questions or directions for the future or further action of the court." *Honeycutt v. City of Wichita*, 251 Kan. 451, Syl. ¶ 1, 836 P.2d 1128 (1992). See also *Kaelter v. Sokol*, 301 Kan. 247, 250, 340 P.3d 1210 (2015) (defining "final order" as "an order that definitely terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case"). We answered this specific question recently in *Benchmark*.

> "[W]e clarify that the word 'final' in K.S.A. 2023 Supp. 60-2102(a)(4)'s 'final decision' language refers to matters actually before the district court—not claims that could have been filed (but were not), and not claims that are *no longer* before the court because of their dismissal. This interpretation reflects the 'liberal construction to be given our procedural statutes and rules and the intent of our code of civil procedure and our appellate rules'—even in matters of jurisdiction. *Cornett v. Roth*, 233 Kan. 936, 939, 666 P.2d 1182 (1983). Thus, if, as here, a district court rules on the merits of some of the parties' claims, and then the parties themselves remove the rest of the claims from the case, nothing remains for the district court to do; the case is over, unless someone appeals. To conclude otherwise would subordinate the concept of appellate jurisdiction to an indefinite universe of hypothetical scenarios—a universe we need not consider in determining that *here*, the district court's partial summary judgment order *became* final with the dismissal (even without prejudice) of Benchmark's final four claims.

"Nor are we persuaded that K.S.A. 2023 Supp. 60-254(b) serves as the only mechanism by which an otherwise nonfinal judgment may become final. While K.S.A. 2023 Supp. 60-254(b) no doubt provides one such procedural pathway to finality when a district court decides only some claims before it, we see no reason why the voluntary dismissal of all remaining claims—with prejudice or not—cannot provide another pathway in circumstances like the case before us." *Benchmark*, 319 Kan. at 235-36.

Although *Benchmark* involved a voluntary dismissal without prejudice of certain claims as opposed to the involuntary dismissal without prejudice of King's last remaining claim, this distinction is without a difference with respect to appellate jurisdiction. The rationale of *Benchmark* applies here. 319 Kan. at 234 ("[T]he dismissal of Benchmark's remaining claims left the district court with nothing more to do. Whatever else Benchmark could have done in the future, in terms of refiling the claims, at the time of this appeal there were no remaining claims and nothing more for the court to do."). After the district court dismissed the last of King's claims in June 2024, there were no remaining claims and there was nothing more for the court to do. Hence, the earlier dismissal order from November 2023 became a final appealable judgment when the district court dismissed King's final claim in 2024.

Therefore, we reverse the order of the Court of Appeals involuntarily dismissing King's case, reinstate her appeal of the district court's November 2023 dismissal order, and remand the case to the Court of Appeals for further proceedings.

LUCKERT, J., not participating.

6