No. 73,356

AMCO INSURANCE COMPANY, *Appellant*, v. GERALD BECK and
CHRISTA BECK, husband and wife; TERI BECK, a minor; JOHN
MORAN and SUSAN MORAN, husband and wife; and COURTNEY
MORAN, a minor, *Appellees.*

(907 P.2d 137)

Opinion filed
December 8, 1995.

*Paula J. Wright*, of Clark, Mize & Linville, Chartered, of Salina, argued the
cause and was on the briefs for appellant.

*Richard A. Boeckman*, of Keenan and Boeckman, P.A., of Great Bend, argued
the cause, and *Martin J. Keenan*, of the same firm, was with him on the brief for
the appellees.

The opinion of the court was delivered by

DAVIS, J.: In this declaratory judgment action, plaintiff AMCO
Insurance Company (AMCO) applied to the district court for res-

olution of a question involving the issue of whether coverage existed. In its petition for relief, the company set forth three issues, each of which involved a question of whether coverage existed. The parties asked for an answer on a single issue and "preserved for later consideration" the remaining two questions. The threshold and dispositive question raised on this court's own motion involves appellate jurisdiction. For the reasons set forth below, we dismiss for lack of jurisdiction.

AMCO filed a declaratory judgment action against its insureds, Gerald, Christa, and Teri Beck, concerning a homeowners policy. Teri Beck, the 16-year-old daughter of Gerald and Christa Beck, was babysitting a child, Courtney Moran, in the Moran home when the child was scalded while taking a bath.

In its declaratory judgment action, AMCO asked the district court to find that no coverage for Teri Beck existed. AMCO listed three grounds for the denial of coverage: (1) The business pursuits exception in the policy denied coverage because child care was the business of Teri Beck, (2) the intentional acts exception in the policy excluded coverage, and (3) the failure of the Becks to properly notify AMCO of the accident excluded coverage. However, in its petition, AMCO stated that the parties had determined to submit the issue of the business pursuits exception to the court on stipulated facts and to reserve the other two issues for later consideration. The district court entered a judgment that the business pursuits exception did not exclude coverage. AMCO then appealed this determination.

Two weeks before scheduled oral argument, this court, on its own motion, issued the following order:

"On its own motion, the Court raises the issue of its jurisdiction to hear the above appeal.

"The record indicates the order appealed from decided the validity of only one of three grounds on which the plaintiff's insurance company denied coverage. Thus, this appears to be an attempted interlocutory appeal which is not in compliance with the requirements of K.S.A. 60-254(b).

"The parties are, therefore, directed to address the jurisdictional issue before this court at the time of oral argument. Any written memorandum thereon should be filed with the Clerk of the Appellate Courts on or before the 20th day of October, 1995."

Both parties responded with written memoranda. Upon oral argument, counsel for AMCO was asked if it were not to prevail upon the issue of the "business pursuits" exception before this court, would it then be able to present the "intentional acts" exception issue to the district court for a determination of the coverage question. Counsel responded that although it would be unlikely that the question would be presented to the district court, it most certainly could be presented because the parties reserved that question. If unsuccessful, AMCO would then be able to appeal again the "intentional acts" exception to the appellate court. The same may be said of the notice argument reserved by AMCO. Therefore, there is the potential for three separate appeals on the question of coverage.

There is a strong policy against piecemeal appeals in Kansas. See *Fredericks v. Foltz*, 221 Kan. 28, 31, 557 P.2d 1252 (1976). In *Connell v. State Highway Commission*, 192 Kan. 371, 374, 388 P.2d 637 (1964), we stated that "[a] judgment or an order is to be considered as final if all the issues in the case are determined, not just part of the issues." Piecemeal adjudication does not become appealable merely because it is cast in the form of a declaratory judgment, and a declaratory judgment is not appealable if issues relating to further relief have yet to be determined. 22A Am. Jur. 2d, Declaratory Judgments, § 244, p. 884. (citing *Curlott v. Campbell*, 598 F.2d 1175 [9th Cir. 1979]).

Under K.S.A. 60-1701, regarding declaratory judgments:

"Courts of record within their respective jurisdictions shall have power to declare the rights, status, and other legal relations whether or not further relief is, or could be sought. No action or proceeding shall be dismissed or stayed for the sole reason that only declaratory relief has been sought. The declaratory may be either affirmative or negative in nature; and such declaration shall have the force and effect of a final judgment."

Although a declaratory judgment has the effect of a final order and would normally be appealable, in this case, the judgment is not final in that it does not resolve all issues on the policy coverage questions. Even if this court were to affirm the district court's finding, there would still be the two unresolved issues regarding AMCO's duty under its insurance contract. Presumably, the reserved

coverage questions could be litigated again before the district court under separate sections of the policy and appealed a second and, perhaps, a third time to this court.

AMCO argues that this matter is not interlocutory because its petition clearly stated that the declaratory judgment was for the limited purpose of settling AMCO's liability under the business activities exception, with the other defenses being reserved. AMCO contends that the right of reservation has expressly been recognized in Kansas. However, the authority cited by AMCO for this proposition is K.S.A. 60-254(b), which states:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action . . . ."

It is undisputed that the requirements of K.S.A. 60-254(b) were not complied with and, therefore, AMCO's argument concerning the right of reservation is not well taken.

AMCO also argues that this declaratory judgment action does not present multiple claims. AMCO contends that it filed this declaratory judgment action to settle only one of its claims—that the business activities exception denies coverage. AMCO states that it was the expressed intention of the parties that the district court decide simply this one issue and that the other grounds were asserted to show that they were not waived.

However, parties may not, by stipulation, vest a court with jurisdiction over a cause which it would not otherwise have had. *In re Petition of City of Shawnee for Annexation of Land,* 236 Kan. 1, Syl. ¶ 6, 687 P.2d 603 (1984). Simply because the parties stipulated that only one of their claims should be adjudicated, that stipulation does not confer jurisdiction on this court. AMCO's attempt to obtain an answer on one of three claims, each of which present a dispositive question of whether coverage exists under the

policy of insurance, is an attempt to confer jurisdiction where none exists. Accordingly, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.