(85 P.3d 220)
No. 90,247

CAROL N. ARNOLD, MAURICE W. BOURQUIN, DAWN R. LANSING, and DOUGLAS A. LANSING, *Appellants*, v. PAT HEWITT and MID-CENTURY INSURANCE COMPANY, *Appellees*.

Opinion filed March 5, 2004.

*Richard T. Merker* and *James L. Mowbray*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellants.

*Matthew S. Jensen, Steven B. Moore*, and *Kurt L. Rasmussen*, of Rasmussen, Willis, Dickey & Moore, L.L.C., of Kansas City, Missouri, for appellees.

Before RULON, C.J., ELLIOTT and MALONE, JJ.

MALONE, J.: This is a claim against an insurance company and its agent for denial of insurance coverage following a fatal car accident. The plaintiffs have appealed the dismissal of some of their claims in district court. We find that this court is without jurisdiction and dismiss the appeal.

We will review only the procedural history of the case. On April 4, 1996, Dawn Lansing was driving a 1985 Jetta when she ran a stop sign and crashed into a vehicle driven by Wilma Bourquin. Bourquin was killed in the accident. Douglas Lansing, Dawn's husband, notified his insurance agent, Pat Hewitt, of the accident, under a belief that the Jetta was covered by an insurance policy issued by Mid-Century Insurance Company (Mid-Century). Hewitt informed Lansing there was no coverage.

The Lansings sued Hewitt and Mid-Century, claiming breach of contract, fraudulent misrepresentation, and negligent failure to procure insurance. Bourquin's heirs were joined as plaintiffs. The district court granted the defendants' motion for summary judgment on the breach of contract claim and the fraudulent misrepresentation claim. The claim of negligent failure to procure insurance survived, but the district court limited the damages to the amount of the policy, which was $50,000.

The plaintiffs made no attempt to seek the entry of a final judgment on any of the claims which the district court dismissed pursuant to K.S.A. 2003 Supp. 60-254(b). However, the plaintiffs filed a motion pursuant to K.S.A. 60-2102(b) for an interlocutory appeal. The district court denied the motion, stating that "the court sees no controlling questions of law in the orders that the court has previously entered."

After the district court denied the motion for an interlocutory appeal, the plaintiffs filed a motion to dismiss without prejudice the remaining negligence claim pursuant to K.S.A. 2003 Supp. 60-241(a)(2). The district court granted the motion to dismiss, over the defendants' objection. The district court noted that the plaintiffs were anxious to prosecute an appeal, and the district court wished to avoid a piecemeal trial of the various claims.

The plaintiffs filed their notice of appeal. Thereafter, the plaintiffs refiled in district court their claim of negligent failure to procure insurance which had been previously dismissed without prejudice. The defendants filed a motion with this court to dismiss the plaintiffs' appeal for lack of jurisdiction. At the time of oral argument before this court, the plaintiffs' negligence claim was pending in district court.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Stough,* 273 Kan. 113, 116, 41 P.3d 281 (2002). "The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute. [Citation omitted.]" *Butler County R.W.D. No. 8 v. Yates,* 275 Kan. 291, 299, 64 P.3d 357 (2003).

According to the docketing statement, K.S.A. 60-2102(a)(4) is alleged to provide the jurisdictional basis for this appeal. K.S.A. 60-2102(a) provides that appellate jurisdiction may be invoked as a matter of right from "(4) [a] final decision in any action, except in an action where a direct appeal to the supreme court is required by law." An order is considered final when all the issues in the case have been determined. See *Connell v. State Highway Commission,* 192 Kan. 371, 374, 388 P.2d 637 (1964). A final decision generally disposes of the entire merits of the case and leaves no further questions or the possibility of future directions or actions by the court. *American Trust Administrators, Inc. v. Sebelius,* 267 Kan. 480, Syl. ¶ 1, 981 P.2d 248 (1999).

The plaintiffs argue that the voluntary dismissal of their remaining negligence claim ended the proceedings in district court. According to the plaintiffs, this resulted in a "final judgment" of the district court's prior rulings which could then be appealed to the Court of Appeals. Since the dismissal of the negligence claim was without prejudice, the plaintiffs assert it could be refiled in district court without affecting jurisdiction over the appeal.

The plaintiffs cite *Smith v. Welch,* 265 Kan. 868, 967 P.2d 727 (1998), wherein the district court had granted the defendant's motion for summary judgment on several of the claims asserted against him. The plaintiff then voluntarily dismissed the two remaining claims in order to pursue an appeal. The Supreme Court reached the merits of the plaintiff's appeal without specifically addressing the jurisdictional issue presented. See 265 Kan. at 869-70, 883. This pattern is repeated in other Kansas appellate court cases where a similar procedural history resulted in the court hearing

the merits of the case without specifically ruling that a "final decision" had been reached. See *Moore v. State Bank of Burden*, 240 Kan. 382, 729 P.2d 1205 (1986), *cert. denied* 482 U.S. 906 (1987); *Rieke v. Kansas Dept. of Revenue*, 28 Kan. App. 2d 476, 18 P.3d 243 (2001); *Turner and Boisseau, Chtd. v. Lowrance*, 18 Kan. App. 2d 332, 852 P.2d 517 (1993).

In the cases cited favorably by the plaintiffs, there is no indication in the opinions that the plaintiffs refiled the dismissed claim in district court while their appeal was pending. Here, the plaintiffs admit that they have refiled the remaining negligence claim in district court.

In *Bain v. Artzer*, 271 Kan. 578, Syl. ¶ 2, 25 P.3d 136 (2001), the court held: "A trial court's order granting a motion for voluntary dismissal without prejudice is not a final order and, as such, an appellate court is without jurisdiction to consider an appeal of that order." See *Brower v. Bartal*, 268 Kan. 43, 46, 990 P.2d 1235 (1999); *Hodge v. Hodge*, 190 Kan. 492, 492-93, 376 P.2d 822 (1962); *Scott v. Craft*, 145 Kan. 172, 173, 64 P.2d 10 (1937). The plaintiffs correctly point out that the above-mentioned cases involved appeals from the orders of dismissal. Since the plaintiffs are not appealing the district court's decision to grant the dismissal without prejudice, the above cases are not on point.

In *State v. Freeman*, 234 Kan. 278, 670 P.2d 1365 (1983), the court was confronted with a jurisdictional challenge by the defendant. The defendant alleged that the State had erroneously appealed the dismissal of several counts of a multiple-count complaint while other counts remained pending before the district court. The court noted that there were two prior opinions where the court had allowed the State to appeal partial dismissals, but in both cases the court did not specifically address the jurisdictional issue. The court noted that in neither of the previous cases "was the jurisdiction on appeal raised or considered by the court and we do not consider the decisions in those cases to be binding precedent for the issue which is now squarely before the court." 234 Kan. at 281. The court held there was no statutory authority for the State to appeal from the dismissal of some of the counts of a multiple-count complaint. 234 Kan. at 282. The court noted: "The

district court and the appellate courts cannot both have jurisdiction of a pending case at the same time." 234 Kan. at 282.

In *AMCO Ins. Co. v. Beck*, 258 Kan. 726, 907 P.2d 137 (1995), a declaratory judgment action involving an insurance coverage issue, the district court entered a judgment against the plaintiff on only one of three claims. The plaintiff appealed this determination. The court, on its own motion, questioned its jurisdiction, noting that the case " 'appears to be an attempted interlocutory appeal which is not in compliance with the requirements of K.S.A. 60-254(b).' " 258 Kan. at 727. The plaintiff was unable to convince the court that there was jurisdiction, and the appeal was dismissed. 258 Kan. at 730. The court noted: "There is a strong policy against piecemeal appeals in Kansas." 258 Kan. at 728.

The Tenth Circuit Court of Appeals addressed this issue in *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147 (10th Cir. 1992). In *Cook*, one of three claims for relief was dismissed with prejudice. The plaintiff dismissed without prejudice her two remaining claims and brought an appeal on the claim which had been dismissed with prejudice. The *Cook* court held that "a plaintiff cannot be allowed to undermine the requirements of [Fed. R. Civ. Proc.] 54(b) by seeking voluntary dismissal of her remaining claims and then appealing the claim that was dismissed with prejudice." 974 F.2d at 148. The *Cook* court directly addressed the definition of a "final order" and held: "[W]hen a plaintiff requests voluntary dismissal of her remaining claims without prejudice in order to appeal from an order that dismisses another claim with prejudice, we conclude that the order is not 'final' for purposes of [28 U.S.C.] § 1291." 974 F.2d at 148; see *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298 (5th Cir. 1978).

Here, the district court dismissed some of the plaintiffs' claims but allowed one claim to proceed to trial. The plaintiffs did not request findings for the entry of a final judgment pursuant to K.S.A. 2003 Supp. 60-254(b). However, they filed a motion for an interlocutory appeal pursuant to K.S.A. 60-2102(b), which was denied by the district court. The plaintiffs then requested dismissal of their remaining claim without prejudice to pursue an appeal.

They compounded the potential jurisdictional problem by refiling their negligence claim in district court with the appeal pending.

To allow the plaintiffs to proceed in this fashion would render meaningless the statutory provisions invoking the jurisdiction of this court. Since a "final decision" must dispose of the entire merits of the case, it is impossible to conclude that a final decision has been rendered in district court to allow this appeal. Part of this case is pending in district court, while the remaining claims are before this court. Although the district court sought to avoid a "piecemeal trial," the plaintiffs have created the potential for a "piecemeal appeal." Under the facts presented, we conclude that this court is without jurisdiction to consider the appeal pursuant to K.S.A. 60-2102(a)(4).

Appeal dismissed.